SMITH et al. v. JACKSBORO STONE PRODUCTS CO.

No. 12494.

Court of Civil Appeals of Texas. Fort Worth.
June 27, 1931.

Rehearing Denied July 18, 1931.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for National Surety Co.

W. L. Scott, of Graham, and F. L. Henderson and R. V. Armstrong, both of Bryan, for Allen Smith and another.

Marshall & King, of Graham, and Dick Dresser, of Seymour, for appellee.

DUNKLIN, J.

Allen Smith and the American Surety Company of New York have appealed from a judgment in favor of Q. L. Meetze and L. P. Lively, composing the partnership firm of the Jacksboro Stone Products Company, plaintiffs, for the sum of $1,270.27, for material furnished to Allen Smith for construction of a highway in Young county and designated as federal aid project No. 441–B.

Allen Smith was the original contractor to do the work, and he sublet a part of the work to Paul Schriewer. The material for which plaintiffs sued was furnished upon the order of Allen Smith, acting through his duly authorized agents, but was used by Paul Schriewer in doing the work which he had undertaken as subcontractor.

An itemized account of the material furnished, consisting of 20 carloads, was attached to the plaintiffs' petition, and showed a sale and delivery of 20 cars on divers dates, beginning May 10, 1929, and ending June 13, 1929. The state highway department, through Gibb Gilchrist, the state highway engineer, and R. G. Williams, superintendent of the federal aid project, were notified by the plaintiffs of the amount of their claim against the contractor prior to a final settlement with the latter for the work done. In order to collect the balance due on the contract, Allen Smith executed to the plaintiffs and other claimants the following bond, in accordance with the provisions of article 5472b—1, Vernon's Ann. Tex. Civ. Statutes, which was Senate Bill No. 153, of the Acts of the 41st Legislature, adopted in 1929, Second Called Session (chapter 78), which reads as follows:

"State of Texas, County of Travis:

"Know all men by these presents:—That I, Allen Smith, of Bryan, Texas, as principal, and the American Surety Company of New York, a New York corporation, duly authorized under the laws of Texas to execute bonds or sureties, are held and firmly bound unto the following claimants, towit: Jacksboro Stone Products Company, Jacksboro, Texas; D. T. Carter, Graham, Texas; Allen and Copeland, Feed & Grain Company, Graham, Texas; Porter Bros. c/o McFarland & McFarland, Attys., Graham, Texas; Jess Wright, c/o McFarland & McFarland, Attys., Graham, Texas; Shamrock Motor Company, Graham, Texas; McClung Construction Company, Ft. Worth, Texas; Graham Welding and Machine Company, Graham, Texas; E. D. Smith, Graham, Texas; Farmers Milling Company, Graham, Texas; Auto Machine Company, Graham, Texas; Givens Machine Shop, Graham, Texas; G. B. Johnson Hardware (company) agt. Graham, Texas; Graham Refining & Fuel Company, Graham, Texas; Young County Lumber Company, Graham, Texas; Pierce Petroleum Corporation, c/o Cantey, Hanger & McMahon, Fort Worth, Texas; Edward Lisle Tin Shop, Graham, Texas; The Texas Company, Dallas, Texas; and J. E. McIntire, Graham, Texas, in the full and just sum of Forty Six Thousand Eight Hundred Twenty-Nine and 16/100 ($46,829.16) Dollars, which sum is twice the amount of all moneys due on Federal Aid Project No. 441–B, Young County, Texas, and remaining to be paid by the State Highway Department of Texas for all labor, materials and work performed covering every item of cost involved on this project remaining to be paid, to the payment whereof we bind ourselves, our executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 2nd day of August, 1929.

"Whereas:—A recent enactment of the Legislature of the State of Texas, identified as Senate Bill No. 153, requires contractors to file bond to release and discharge liens, or attempt to fix liens, on work under construction for the State, or any county, town or municipality in the state for any moneys that may be due contractors.

"Whereas, the above listed claimants have attempted to fix a lien or liens against any or all moneys that might be due on said Federal Aid Project No. 441–B, Young County, Texas, for work performed on this project for the State Highway Department of Texas;

"Now therefore, the condition of this obligation is such that if the said principal shall pay all the money remaining due on this project, towit, Twenty-Three Thousand Four Hundred Fourteen and 58/100 ($23,414.58 Dollars, wherever justly due or severally as their interest may appear, or such portion or portions thereof as may be proved to be liens and due by said principal under the terms of chapter 17, General Laws of the State of Texas, passed by the regular session of the 39th Legislature of the State of Texas, and shall pay all costs adjudged against the principal in actions that may be brought by the above listed claimants, then this obligation shall be void, otherwise to remain in full force and effect.

"Allen Smith, Principal,

"American Surety Company of New York,

"By W. T. Decherd, Res. Vice Pres.

"Attest: D. T. Anderson, Res. Asst. Secy."

That act of the Legislature appears in Vernon's Ann. Tex. Civ. Statutes as article 5472b—1, and reads as follows:

"Sec. 1. That whenever any claim or claims shall be filed attempting to fix a lien, secured or claimed by any instrument filed under the provisions of Chapter 17, of the General Laws of the State of Texas, passed by the Thirty-ninth Legislature in Regular Session, that the contractor or contractors against whom such claim or claims are made, may file a bond with the officials of the State, county, town or municipality whose duty it is to pay the moneys, bonds or warrants to such contractor or contractors. Said bond shall be double the amount of the claims filed, and shall be payable to the claimant or claimants. It shall be executed by the party filing same as principal, and by a corporate surety authorized under the laws of Texas to execute such

bond as surety, and shall be conditioned substantially that the principal and surety will pay to the obligees named, or their assigns, the amount of the claim or claims, or such portion or portions thereof as may be proved to have been liens, under the terms of Chapter 17, General Laws of the State of Texas, passed by the Regular Session of the Thirty-ninth Legislature. The filing of said bond and its approval by the proper official of the State, County, town or municipality, shall release and discharge all liens fixed or attempted to be fixed by the filing of said claim or claims, and the official or officials whose duty it is to pay the moneys, bonds or warrants shall pay or deliver the same to the contractor or contractors or their assigns. Said official shall send by registered mail an exact copy of said bond to all claimants.

"Sec. 2. At any time within six months from the date of filing of said surety bond, the party making or holding such claim or claims may sue upon such bond, but no action shall be brought on such bond after the expiration of such period. One action upon said bond shall not exhaust the remedy thereon, but each obligee or assignee of an obligee named therein may maintain a separate suit thereon in any court and in any jurisdiction. If any claimant or claimants in an action establish the fact that they were entitled to a lien under the provisions of Chapter 17 of the General Laws of the State of Texas, passed at the Regular Session of the Thirty-ninth Legislature, and shall recover judgment for not less than the full amount for which claim was made, the court shall fix a reasonable attorney's fee in favor of the claimant or claimants, which shall be taxed as part of the costs in the case. The bond provided in Section One of this Act shall also be conditioned that the principal and surety will pay all court costs adjudged against the principal in actions brought by claimant or claimants thereon."

After that bond was given, Allen Smith drew down the money due for the work. This suit was instituted by plaintiffs to recover under the obligations of that bond.

The record shows that the contract for the work was awarded to Allen Smith in 1928, while article 5160, Rev. Civ. Statutes, as amended by the First Called Session of the Fortieth Legislature, 1927 (chapter 39, § 1 (Vernon's Ann. Civ. St. art. 5160 note), was in force, but there is no showing in this record of a giving by Allen Smith of the bond required by that act of the Legislature.

Articles 5472a and 5472b, Vernon's Ann. Tex. Civ. Statutes, passed by the Thirty-Ninth Legislature (see Acts 1925, chapter 17, p. 44, §§ 1 and 2), read as follows:

"5472a. That any person, firm or corporation, or trust estate, furnishing any material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim.

"5472b. That no public official, when so notified in writing, shall pay all of said moneys, bonds or warrants, due said contractor, but shall retain enough of said moneys, bonds or warrants to pay said claim, in case it is established by judgment in a court of proper jurisdiction."

Plaintiffs having given notice to the state highway department of their claims for the material furnished before final settlement with Allen Smith, the contractor, a lien was established in their favor on the unpaid balance due Smith on his contract, under the provisions of article 5472a, copied above. And Allen Smith and the American Surety Company were liable to the plaintiffs under the very terms of the bond given to plaintiffs and other claimants for the amount due them respectively.

It is of no moment that some of the cars were delivered to Paul Schriewer, the subcontractor, rather than to Allen Smith, since those shipments, as well as the others, were used to carry out Allen Smith's contract to do the construction work, and those deliveries were with his consent and acquiescence. As pointed out in the opinion of Justice Alexander, of the Waco Court of Civil Appeals, in Texas Co. v. Schriewer, 38 S.W.(2d) 141, the statutory lien for labor and materials furnished for a public improvement given in article 5472a attaches when furnished to a subcontractor to the same extent as when furnished to the original contractor, since the language "any contractor" used in that article is enough to cover both the original and subcontractor, and evidently was employed in that sense. And we also concur in the further conclusion reached in that case, to the effect that the lien given by that statute attaches to any balance due the contractor at the time notice of a claim for labor or material furnished is given to the official of the state, county, town, or municipality whose duty it is to pay the contractor; and that the state highway commission was the proper party to receive such notice as recognized by the letter of the state highway engineer, of date August 3, 1929, addressed to plaintiffs, inclosing a copy of the release bond referred to above, with the statement that same had been filed in the state highway department by Allen Smith, and also acknowledging the filing by plaintiffs of their claim with that department under the provisions of chapter 17, Acts

of the Thirty-Ninth Legislature, same being article 5472a, noted above. And not only did plaintiffs file notice of their claim with the highway commission within the time fixed by that statute, but they also instituted this suit on the release bond within the period fixed by section 2 of article 5472b—1.

While plaintiffs' petition was not as full as it should have been, yet we believe it sufficient as against a general demurrer.

Accordingly, all assignments of error by appellants Allen Smith and the American Surety Company of New York are overruled, and the judgment as against them in favor of the plaintiffs is affirmed.

After Allen Smith had procured the contract from the state highway commission for the paving of the highway, he sublet the surfacing of same to Paul Schriewer, who executed to him a written contract to do that work and also the following bond:

"Contractor's Bond.

"Know all men by these presents: That we, Paul Schriewer of Seguin, Guadalupe County, and State of Texas, as principal and National Surety Company of New York, N. Y., as surety, are held and firmly bound unto Allen Smith, in the penal sum of Sixty Three Thousand Five Hundred Sixty Six & 28/100 ($63,-566.28) lawful money of the United States, to be paid to said State of Texas for which sums of money, well and truly to be paid, we bind ourselves, our heirs, successors, executors, and administrators, jointly and severally, firmly by these presents.

"Sealed, with our seals and dated this 20 day of April, A. D. 1928.

"The condition of this obligation is such that if the said bounden principal Paul Schriewer shall in all things well and truly perform all the terms and conditions of the foregoing contract, to be by them (him) performed, and with the time therein mentioned and shall pay all lawful claims for labor performed and material furnished in and about the construction of said road, bridge, and shall have paid and discharged all liabilities for injuries which have been incurred in and about the construction, under the operation of the Statutes of the State, then this obligation is to be void; otherwise to be and remain in full force and virtue.

"Done in the presence of: A. S. Bryan
"Paul Schriewer [Seal]
"National Surety Company
"By C. H. Verschorle
"Resident Vice-President.
"Attest: 1780—Hubert L. Puckett Resident Asst. Secretary."

Allen Smith and the American Surety Company of New York, in addition to the pleas filed in answer to plaintiffs' suit, interpleaded Paul Schriewer and the National Surety Company of New York, and sought a recovery against them on Paul Schriewer's contract

and his bond, set out above, for whatever sum that plaintiffs might recover against Allen Smith and the American Surety Company. Although Paul Schriewer was named in that plea over as a defendant to the cross-action, no service was had upon him, and upon the trial of the case he was dismissed. The National Surety Company filed a plea of privilege to be sued in Dallas county, the place of its domicile, which was in strict compliance with the statutes in such cases made and provided. That plea of privilege was overruled, and judgment was rendered against the National Surety Company in favor of Allen Smith and the American Surety Company for the sum of $570.92, with costs of suit. The National Surety Company has appealed from the judgment overruling its plea of privilege and also the judgment for the sum mentioned.

Article 1995, Rev. Civ. Statutes of 1925, by Acts of the First Called Session of the Fortieth Legislature (1927), c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), was amended by adding thereto the following:

"29a. (Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ This suit was instituted in Young county, as was also the plea over against the National Surety Company. The plea of privilege showed that the National Surety Company's residence and principal place of business was in Dallas county, and there was no proof offered to controvert that fact. The failure to get service on Paul Schriewer of the plea over, and going to trial on that plea without such service, was equivalent to an abandonment of the cross-action against Paul Schriewer with the same legal effect as if he had never been sued at all.

By article 1987, it is provided that a surety or other party conditionally liable on a written contract may be sued alone or without making the principal obligor a party, "when the principal obligor resides beyond the limits of the State, or where he cannot be reached by the ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or actually or notoriously insolvent."

None of those exceptions were alleged in the plea over against the National Surety Company. On the contrary, Paul Schriewer was alleged to reside in Guadalupe county, Tex.

■ Under the common-law rule, and in the absence of that statutory provision, Paul Schriewer was a necessary party defendant to the cross-action on the bond executed by

351

him and the National Surety Company of New York to Allen Smith, and therefore venue was not shown against the National Surety Company under exception 29a of article 1995; and hence the court erred in overruling the plea of privilege by the National Surety Company and in rendering judgment against it.

Accordingly, the judgment of the trial court overruling the plea of privilege and decreeing a recovery against the National Surety Company is reversed, and judgment is here rendered sustaining the plea of privilege and remanding that portion of the case involving the plea over against Paul Schriewer and the National Surety Company to the trial court, with instructions to transfer that cross-action to the district court of Dallas county and to make the orders necessary thereto as prescribed by the statutes in such cases made and provided.

All costs of this appeal are attached against Allen Smith and the American Surety Company.