## PIERCE PETROLEUM CORPORATION v. SMITH et al.

### No. 2541.

Court of Civil Appeals of Texas. El Paso.

July 9, 1931.

Rehearing Denied Sept. 17, 1931.

F. T. Denny and Cantey, Hanger & McMahon, all of Fort Worth, for appellant.

R. V. Armstrong, Henderson & Hoyle, and Barron & Ware, all of Bryan, and A. S. Rollins, of Dallas, for appellees.

PELPHREY, C. J.

This suit was instituted by appellant against Paul Schriewer, Allen Smith, and American Surety Company of New York, to recover of Schriewer upon a verified open account, the sum of $1,200.44 and interest, and the same amount of Smith and the American Surety Company upon a bond executed by Smith as principal, and American Surety Company as surety, and filed by Smith with the state highway department for the release of funds withheld by the department by reason of the claim of appellant and others, filed in accordance with the provisions of article 5472b—1, Civil Statutes.

The following statement of facts was agreed to by the parties:

"That Pierce Petroleum Corporation, plaintiff, is a corporation duly incorporated under and by virtue of the laws of the State of Delaware, and having a proper permit to do business within the State of Texas.

"That in the year 1928 the defendant Allen Smith entered into a contract with the Highway Department of the State of Texas for the construction of a portion of State Highway No. 24 in Young County, Texas, designated as Job FAB441-B, Job 452, and that Allen Smith executed a bond guaranteeing the performance of said contract with the American Surety Company of New York as surety; that such bond is not sued upon here, and no recovery is sought on such bond; that subsequently Allen Smith entered into a subcontract with Paul Schriewer under the terms of which Paul Schriewer was to top the road. That during the months of April and May, 1929, the plaintiff furnished to the defendant Paul Schriewer materials consisting of gasoline, kerosene, lubricating oils and other petroleum products in the amount of $1200.44; that said materials were delivered to and used by the said defendant Schriewer in the performance of his sub-contract on the highway above designated. That none of said items were furnished to Allen Smith; that thereafter, after said materials had been furnished to Paul Schriewer, the plaintiff notified in writing the Highway Department of the State of Texas that said products and materials had been furnished to Paul Schriewer in the construction of the above mentioned highway, and requested that funds owing by the State Highway Department to the contractor, Allen Smith, under said contract be retained until said claims and debts should be paid; that such request was filed under Article 5472a of the Revised Statutes of 1925.

"That said request was received by the State Highway Department and funds owing by the State of Texas to Allen Smith under such contract was retained in compliance with such request.

"That on August 2, 1929, Allen Smith as principal and American Surety Company of New York as surety, filed with the State Highway Department a bond in the sum of $46,829.16 an exact copy of which is marked Exhibit A, is attached hereto and made a part of this Statement of Facts for all purposes. That said bond was filed under the provisions of Senate Bill 153, Chapter 78, General Laws of the State of Texas, passed by the Second Called Session of the 41st Legislature. That said suit was filed within six months from the date of the execution of said bond. That suit was filed as on a verified account. That no part of said account has been paid to plaintiff.

"Pierce Petroleum Corporation."

On a trial before the court judgment was rendered in favor of appellant against Paul Schriewer for the full amount of its claim, but that it take nothing against Allen Smith and the American Surety Company. From such judgment appeal has been perfected to this court.

Opinion.

Appellant in its brief presents six propositions upon which it seeks to have that part of the judgment denying it recovery against Allen and the surety company reversed and rendered.

■ The contentions made are that the court erred in its conclusion of law that article 5472a should be strictly construed; that under the provisions of the statutes a materialman furnishing material to a subcontractor engaged in constructing a state highway, upon giving the prescribed notice to the officials of the state highway department, is entitled to a lien upon the funds due or to become due to the original contractor; that appellant having perfected its lien against the funds due and to become due to Allen Smith by the filing of its claim, and he having filed a replevin or release bond with the state highway department, appellant, being one of the obligees in said bond, was entitled to sue thereon and the trial court should have rendered judgment in its favor against the principal and sureties on said bond for the amount of its claim as well as for reasonable attorney's fees.

The act which we are called upon to construe reads:

"Chapter 17.

"S. B. No. 123.

"An act to create a lien in favor of any person, firm or corporation who may furnish any material, apparatus, fixtures, machinery or labor to contractors who contract for public improvements, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That any person, firm or corporation, or trust estate, furnishing any material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim.

"Sec. 2. That no public official, when so notified in writing, shall pay all of said moneys, bonds or warrants, due said contractor, but shall retain enough of said moneys, bonds or warrants to pay said claim, in case it is established by judgment in a court of proper jurisdiction.

"Sec. 3. The fact that the State is now entering upon a period of intensive road building and public improvements and that the machinery people have to supply the contractors on such public improvements with machinery to make improvements, and that such machinery people lose enormous amounts of money by such contractors leaving their jobs incomplete and making away with the machinery, creates an emergency and an imperative public necessity that the rules requiring bills to be read on three several occasions be suspended, and that this law take effect from and after its passage, and it is so enacted." Vernon's Ann. Civ. St. arts. 5472a, 5472b.

In the case of Huddleston & Work et al. v. Earl Kennedy,[1] the Waco Court of Civil Appeals, in passing upon the question of whether the lien provided by the statutes inured to the benefit of those who furnished labor and material to subcontractors, said: "It is our view that article 5472a should not be limited to any particular group or set of claimants, but that same provides for an additional lien to that provided in article 5160. Laborers and materialmen who comply with the terms and provisions of article 5160, thereby fix a cause of action against the surety on the original bond. Failing so to do, they can derive no benefits from that bond. But nevertheless they have a remedy in the nature of a garnishment provided in article 5472a. This double remedy, we think, is not limited to any particular group or class, but is available to all persons, firms and corporations furnishing any material, apparatus, fixtures, machinery or labor, whether prior or subsequent to the making of the original

contract between the contractor and the state or municipality. This view finds support in the provisions of article 6674m, R. S., wherein it is provided that the State Highway Commission shall retain 10% of the contract price for road improvement until the entire work has been completed and accepted, 'and final payment shall not be made until it is shown that all sums of money due for any labor, materials or equipment furnished for the purpose of such contract has been paid.' These statutes are in pari materia and should be construed together. Thus considering them, and in connection with article 5160, a policy seems to be evidenced to protect those who furnish material and perform labor for the benefit of the public, without distinction as between those who furnish to general contractors and those who furnish to sub-contractors. Article 6674k empowers the Highway Commission to prescribe the form of contracts with road contractors. The contract in the instant case obligated the contractors to 'provide all the necessary machinery, tools, apparatus and other means of construction, and to do all the work' called for in the contract. The Commission is required to withhold 10% of the contract price to guarantee the performance of this obligation. The responsibility is thus placed upon the general contractor to provide for his own protection in subletting the work which he has contracted to do, and laborers and materialmen are relieved of the responsibility of investigating and determining the solvency of the sub-contractors and the wisdom of their contracts."

We are in accord with that holding and feel that any other construction would result in nullifying the very purpose the Legislature had in mind, namely, the protection of those who furnish labor and material for the building of public improvements in this state.

The counter propositions presented by appellees in which they contend that no lien was established because the claim was not filed before any payment was made to Allen Smith, and because the claim was not filed with the official of the state whose duty it is to pay, are, in our opinion, untenable.

The statute providing for the filing before any payment is made to the contractor does not preclude a claimant from recovery simply because a payment had theretofore been made to the contractor, but merely means that he is entitled to no lien on the moneys, bonds, or warrants after they have been delivered to the contractor.

Under the facts here and by virtue of our statutes, we feel that the state highway commission was the proper agency with which claims should have been filed, and therefore appellant's lien became fixed upon the filing of its claim with that body.

---

[1] Case certified to Supreme Court and opinion of Court of Civil Appeals not released for publication.

Believing that the trial court erred in his construction of the statutes and in not allowing appellant a recovery on the release bond, judgment is here rendered in favor of appellant against Allen Smith, as principal, and the American Surety Company of New York, as surety, for $1,200.44, and $250 attorney's fees as prayed for, to be taxed as part of the costs.