**SMITH et al. v. SMITH et al.**

No. 12539.

Court of Civil Appeals of Texas. Fort Worth.

April 1, 1933.

1064

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, F. L. Henderson, of Bryan, W. L. Scott, of Fort Worth, and Barron & Ware, of Bryan, for appellants.

Binkley & Binkley and Marshall & King, all of Graham, for appellees.

DUNKLIN, Justice.

Allen Smith entered into a written contract with the state highway commission to build and construct 9.797 miles, highway No. 49, known as Federal Aid Project 441—B, Unit 2, and to secure the faithful performance of his contract gave a bond and sublet a part of the work to Paul Schriewer, who executed a bond to secure the faithful performance of his contract with the National Surety Company as surety. After the work was finished and while there was still due Allen Smith a balance for the work, Allen Smith executed another bond with the American Surety Company of New York in order to withdraw the balance so due him to be used for the payment of certain claims for the work done under the contract; the names of the parties who had filed claims, including E. D. Smith, plaintiff herein, were enumerated in that bond which was made for their benefit; it was recited in that bond that those claimants had attempted to fix a lien against any and all moneys that might still be due on Federal Aid Project 441—B, Young county, for work performed by them.

E. D. Smith instituted this suit to recover on the last noted bond the amount claimed to be due for material and labor furnished by him to the subcontractor, Paul Schriewer. Upon the trial of the case he recovered a judgment against Allen Smith and the American Surety Company for the balance so claimed by him. There was a further judgment for the same amount in favor of Allen Smith and the American Surety Company on their cross-action against Paul Schriewer and the National Surety Company of New York on the bond executed by them and noted above; and in favor of the National Surety Company on its cross-action against Paul Schriewer.

From that judgment Allen Smith and the American Surety Company have prosecuted a writ of error and the National Surety Company has prosecuted an appeal; and all of those parties will hereinafter be referred to as appellants.

Several other suits by different parties holding like claims for labor and material against Allen Smith and the two surety companies on the same bonds have reached our appellate courts, among which were Allen Smith v. Jacksboro Stone Products Co. (Tex. Civ. App.) 41 S.W.(2d) 347, affirmed by Commission of Appeals 53 S.W.(2d) 780; Pierce Petroleum Corp. v. Smith, 42 S.W.(2d) 88, by the El Paso Court of Civil Appeals; Smith v. Texas Company, 53 S.W.(2d) 774; Allen Smith v. G. B. Johnson Hardware Co., 53 S. W.(2d) 779; the last two cases being by the Commission of Appeals.

The evidence in this case shows that the plaintiff gave notice to the highway commission of his claim as required by the statutes in such cases made and provided and that the debt claimed by him was just, due, and unpaid, and other questions presented by assignments of error challenging the right of plaintiff to recover on other grounds have all been determined adversely to appellants in the opinions above cited and it will therefore be unnecessary to further discuss them.

■ We overrule the further assignment of the National Surety Company to the judgment over against it in favor of Allen Smith and the American Surety Company. The basis of that assignment is the contention that the bond of the National Surety Company stipulates that the penalty is "to be paid to said State of Texas," and that therefore the state of Texas was a necessary party to the suit. The bond was in favor of Allen Smith and expressly agreed that the surety company would be liable thereon if Paul Schriewer, the

principal, should fail to pay all claims for labor performed and material furnished or to perform all other services required of him under his contract.

It is clear therefore that the bond was made for the benefit of all such claimants and that the state was not a necessary party.

■ Nor was there error in overruling the plea of privilege filed by the National Surety Company. Its legal residence was in another county than the one in which the suit was instituted, to wit, Young county, yet there were other defendants against whom the suit was lawfully maintainable in the latter county. Article 1995, subd. 29a, as added by the 40th Leg. (1927) 1st Called Sess., p. 197, ch. 72 (Vernon's Ann. Civ. St. art. 1995, subd. 29a).

■ There was also a personal judgment against Paul Schriewer for $150 as the value of mules belonging to the plaintiff that were killed during the progress of Schriewer's work. The testimony of the plaintiff was to the effect that he had furnished the mules to Schriewer for use on the work and that the latter had agreed to return them in as good condition as when furnished, and according to his further testimony the mules died as the result of a failure to properly care for them and not from any inherent vice, as insisted by Schriewer. Under such testimony we are unable to disturb a recovery for those animals.

Furthermore, the record here does not show that defendant Schriewer has prosecuted any appeal or writ of error from any portion of the judgment against him; nor has he filed any cross-assignment of error challenging the same here.

And perhaps the assignments of error by plaintiffs in error to the judgment against Schriewer only for value of those mules have been urged through some misapprehension of that condition of the record. But lest we may be mistaken in our view of the record, we have considered those assignments and find them to be without merit for the reasons above shown.

The judgment of the trial court is in all things affirmed.