HARWELL & HARWELL et al., Appellants,

v.

Claud CLIFTON, d/b/a G. C. Electric, Appellee.

No. 13235.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 13, 1957.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellants.

Stafford & Alcorn, Kingsville, for appellee.

POPE, Justice.

This is an appeal from an order which overruled the pleas of privilege of defendants Harwell and Harwell to be sued in Bexar County, and of Trinity Universal Insurance Company to be sued in Dallas County. Primarily Sec. 4, Article 1995, Vernon's Ann.Civ.Stats., is the venue exception in point. Harwell and Harwell held a contract with Texas College of Arts and Industries for the construction of two dormitories. The College is located in Kleberg County, where the suit was filed. Plaintiff, Claud Clifton, d/b/a G. C. Electric, proceeded under the provisions of Article 5472a, Vernon's Ann.Civ.Stats., and gave the College written notice to fix a lien upon the moneys due to the contractor. The contractor, as permitted by Article 5472b–1, Vernon's Ann.Civ.Stats., filed a release

bond with the College in double the amount of the claim, and defendant Trinity Universal Insurance Company signed the bond as surety. The College then released all funds to Harwell and Harwell. Defendants insist that there was no bona fide cause of action against the College, and that there is no defendant in Kleberg County against whom a cause of action exists, as required by Sec. 4, Article 1995, and therefore their pleas of privilege should have been sustained.

■ To hold venue under Sec. 4, against the resident defendant, the plaintiff must plead and prove each element of a bona fide claim against the resident defendant, the College in this instance. Park v. Wood, 146 Tex. 62, 203 S.W.2d 204; Stockyards Nat. Bank v. Maples, Tex.Com.App., 127 Tex. 633, 95 S.W.2d 1300. There was no claim proved against the College, the resident defendant. At the venue hearing, counsel for the defendants asked plaintiff, Clifton, these direct questions: "Does the College owe you any money at this time?" and "You are not making any claim against the College?" To each question plaintiff answered, "No, sir." Plaintiff then called as his witness the General Manager of the College, and he also testified that the College owed the plaintiff nothing. If, therefore, plaintiff has any character of claim against the College, he did not assert it nor prove it in the hearing.

■ Suits to enforce a lien against money in the hands of a public official and also for the enforcement of the release bond as an ancillary matter, have not required the joinder of the public agency as a defendant.

While venue is determinable from facts as they existed before the release bond was approved, it does not appear that a cause of action depends upon naming and suing the state agency as a defendant. Brown & Root v. Durland, 126 Tex. 20, 84 S.W.2d 1073; Austin Bridge Co. v. Drake, Tex.Civ.App., 79 S.W.2d 677, 680; See also, Smith v. Smith, Tex.Civ.App., 58 S.W.2d 1063.

For one to name the public agency as a nominal defendant, as in this case, adds nothing to the plaintiff's claim, and is not essential to the right of recovery against the lien on the money or the bond in lieu of the fund. In the cases cited above, the public agency was not named as a defendant, but the absence of the public agency did not detract from the plaintiff's claim. If, to name the College as a defendant, adds nothing to the plaintiff's claim, and plaintiff testified that he had no claim against the College, the suit against the College is a mere fiction.

■ The controverting affidavit does not refer to nor adopt any part of the petition, and it asserts by general terms only, that Clifton had a contract which was executed and performed in Kleberg County, apparently invoking Sec. 5, Art. 1995, as additional grounds for retaining venue there. Clifton, himself, denies that his claim is grounded upon a written contract, and that fact precludes the application of Sec. 5. Kendrick v. Mackey, Tex.Civ.App., 204 S.W.2d 394; Evans v. Heldenfels, Tex.Civ.App., 70 S.W.2d 283.

The judgment is reversed and the cause remanded with instructions that it be transferred to Bexar County in accord with Rule 89, Texas Rules of Civil Procedure.