C. A. DUNCAN V. MRS. CLARA ROBERTSON ET AL.

No. 6862.   Decided May 26, 1937.
Rehearing overruled June 23, 1937.
(105 S. W., 2d Series, 214.)

*Upton, Upton & Baker,* of San Angelo, for plaintiff in error.

It was error for the Court of Civil Appeals to hold, as a matter of law, that because Mrs. Robertson had introduced evidence that she had a verbal agreement with Duncan that he would make her a loan on the security of certain real estate would authorize the trial court, upon such fact being found by the jury, to reform a deed of trust which had been given covering such real estate, and which was transferred and assigned to Duncan and renewed and extended, and to set aside a foreclosure that was had under both of said deeds of trust and the deed of trust executed and delivered thereunder. Walling v. Rose, 2 S. W. (2d) 352; Spann v. Sterns, Admrs., 18 Texas 556; Hemphill v. Watson, 60 Texas 679; Sun Oil Co. v. Bennett, 125 Texas 540, 84 S. W. (2d) 447; Conn v. Hagan, 93 Texas 334, 55 S. W. 323.

*Harris & Harris* and *M. E. Sedberry,* all of San Angelo, for defendants in error.

An oral agreement providing that the mortgagee will advance money to the mortgagor for the purchase of real estate, or pay for any existing lien thereon, and that the mortgagor will

give the lender a mortgage lien on the property to secure the sum so advanced will be enforced in equity even against a homestead claim on the theory that the purchase money debt is owing to the lender and superseded the homestead claim. Floyd v. Hammon, 268 S. W. 146; Gandy v. Cameron State Bank, 2 S. W. (2d) 971; State Mort. Co. v. Ludwig, 121 Texas 268, 48 S. W. (2d) 950.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On March 27, 1931, defendant in error, Mrs. Clara Robertson, was indebted to the United Savings Bank of Detroit in the sum of approximately $1600.00. This indebtedness was secured by deed of trust on Lots 5 and 6 and the east 39 feet of Lot 4, Fort Concho Addition to the City of San Angelo. She also owed taxes on said lots in the sum of $472.09, and personal indebtedness of a considerable sum. On the date mentioned she executed a deed of trust to A. L. Turner, trustee, to secure plaintiff in error, C. A. Duncan, in the payment of one note for $2400.00, due on or before six months after date, with interest at 10 per cent. per annum. The deed of trust on its face included all of Lots 5 and 6 and the east 39 feet of Lot 4. Among other things it contained a provision as follows:

"It is agreed that the indebtedness hereby secured is in renewal and extension of the balance remaining unpaid of that certain deed of trust note for the sum of $3500.00 described in and secured by deed of trust executed by said Clara Robertson, widow, to Geo. V. Basham, Trustee for the United Savings Bank of Detroit, Michigan, and recorded in Vol. 20, page 228, Deed of Trust Records of Tom Green County, Texas, and that all liens created or preserved in said deed of trust are hereby continued in full force and effect as security for the indebtedness this day executed, this security not being in lieu thereof but cumulative and in addition thereto, and I hereby represent and declare that each and all of the liens securing the indebtedness herein renewed and extended are valid liens."

On March 24, 1931, the United Savings Bank of Detroit, holder of the indebtedness secured by the prior deed of trust, executed to C. A. Duncan an assignment of said indebtedness and transfer of the deed of trust lien. This transfer and assignment with draft attached for the amount of the indebtedness was sent to a bank in San Angelo, and upon the execution of the note for $2400.00 and the deed of March 27, 1931, the

draft was paid by money furnished by Duncan, and said transfer and assignment delivered to him. The note of $2400.00 executed by Mrs. Robertson contained a recital that it was given in renewal and extension of the balance remaining unpaid of the prior indebtedness secured by the prior deed of trust upon the three lots.

Default was made by Mrs. Robertson in payment of the note for $2400.00, and on January 5, 1932, after due notice, the trustee sold all of the property described in the deed of trust, in accordance with its terms, and Duncan became the purchaser. At the sale the attorney for Mrs. Robertson was present and requested that the three lots be sold separately. He, on behalf of Mrs. Robertson, bid on each of these lots. Lot 5 was bid in for the sum of $650.00; Lot 6 was bid in for the sum of $600.00, and the east 39 feet of Lot 4 was bid in for the sum of $600.00, making a total of $1850.00, which was credited by Duncan upon his note.

This suit was instituted by Mrs. Robertson for the purpose of setting aside the trustee's deed above mentioned, and to reform the deed of trust of March 27, 1931. She alleged among other things that on March 27, 1931, she owed approximately the sum of $1600.00 on the prior indebtedness, as well as taxes, and other personal items; that she negotiated the loan with plaintiff in error Duncan which culminated in the execution of the note for $2400.00 and the deed of trust hereinbefore mentioned. She claimed, however, that the contract agreed upon between her and Duncan was to the effect that Duncan would make her the loan to take up or renew the prior indebtedness and to cover the other items mentioned, but instead of taking security on the three lots in question he would take security on Lot 5 and the east 39 feet of Lot 4. The manner in which she claims Lot 6 was included in the deed of trust and in which she was induced to sign same, is set forth in her petition as follows:

" * * * Plaintiff is informed and alleges the facts to be that said deed of trust was drawn by A. L. Turner, of San Angelo, Texas, being the same A. L. Turner who was named as the Trustee therein; that said deed of trust is dated March 27, 1931, and recorded in Volume 48, page 461 et seq. of the Deed of Trust Records of Tom Green County, Texas; that plaintiff trusted the said Turner and the said Duncan to draw said deed of trust in accordance with the aforesaid agreement, that is, to include therein said Lot 5 and the east 39 feet of said Lot 4, but that

the said Turner, either by mistake or at the instance of the said Duncan, included in the description of the property covered by said deed of trust plaintiff's said lot number 6 upon which her dwelling house and homestead were at the time; that said deed of trust was prepared at the office of the said Turner and Duncan, and the plaintiff, at the time the same was executed, was assured that it was in accordance with the agreement; and not being familiar with the tenor and provisions in such instruments, signed the note and said deed of trust without reading the same, but relying upon the said Duncan to include therein and cover thereby said Lot 5 and the east 39 feet of said Lot 4. And in this connection plaintiff further says that while she has obtained several loans and owned various pieces of property, she has always depended upon someone else, that is, either the person with whom she was dealing or her own attorney if she saw fit to employ one, to correctly describe the property and draw up the instruments necessary in the consummation of such transactions; that she herself knows nothing about the proper provisions or language which should be included in such instruments; that her education is deficient, and her experience has not been such as to enlighten her or enable her to understand such matters, and that having had a clear understanding with the said Duncan that the two houses and lots towit, Lot 5 and the east 39 feet of said Lot 4, should be included in said deed of trust, and having in her conversations with the said Duncan become impressed with the fact that she could trust him, she depended upon him to correctly describe the property in said deed of trust, and that the said Duncan knew at the time that she was depending upon him, and knew that she did not read said deed of trust, and knew that if she did read it she would be unable to understand it, and that the said Duncan appeared at the time and acted as though said deed of trust was properly drawn, and assured plaintiff same was properly drawn according to said agreement; and this plaintiff says that the said Turner, in the drawing of said deed of trust, inadvertently or because he was not correctly informed by the said Duncan as to the proper description of the property to be included in said deed of trust, included said Lot 6 therein; and plaintiff further alleges that the said Duncan thought at the time that said deed of trust included only Lot 5 and the east 39 feet of Lot 4; but if she be mistaken in this, then she says, in the alternative, that if the said Duncan knew that said deed of trust included said Lot 6, which she now says it did include at the time, then that the acts and conduct of the said Duncan

were fraudulent and that he purposely had said lot 6 included in said deed of trust, and without her knowledge and consent, and with the intention of obtaining a lien thereon contrary to their previous agreement."

Upon trial of the case in the district court, after conclusion of all the testimony, the court instructed a verdict in favor of plaintiff in error Duncan. On appeal the Court of Civil Appeals affirmed the judgment of the trial court as to Lot 5 and the east 39 feet of Lot 4, but reversed and remanded the cause as to Lot 6. The Court of Civil Appeals held that as Mrs. Robertson, according to her own allegations and proof, admitted that the deed of trust properly included Lot 5 and the east 39 feet of Lot 4, the sale was in all respects valid as to these lots. However the court held that the evidence of Mrs. Robertson raised an issue of fact as to whether or not, under the contract actually made, Lot 6 was to be included in the deed of trust. The court further held that the evidence raised an issue of fact as to whether Mrs. Robertson was negligent in failing to read the instrument. 71 S. W. (2d) 597.

1 While of the opinion that the evidence raised an issue of fact as to the inclusion of Lot 6 in the deed of trust, yet we have reached the conclusion that notwithstanding the fact that Mrs. Robertson did not read the instrument, this is not sufficient to show that she did not know that the deed of trust included Lot 6 and carried forward the prior lien as to that lot.

In the case of Indemnity Insurance Co. v. Macatee & Sons, 129 Texas 166, 101 S. W. (2d) 553, the Court quoted with approval as follows:

"The sound and practical rule of law in such cases is, that, in the absence of fraud or imposition, a party to a contract, which has been voluntarily signed and executed by him, with full opportunity for information as to its contents, can not avoid it on the ground of his own negligence or omission to read it.

"Every person having capacity to make a contract, in the absence of fraud, misrepresentation, or concealment, must be held to have known what the words used in a contract made by him were, and to have known their meaning; and he must also be held to have known and fully comprehended the legal effect of the contract which the words used made."

In the present case it is conclusively shown, we think, that defendant in error was not prevented from knowing the contents of the instrument signed by her because of fraud or im-

position on the part of plaintiff in error. Her allegations of fraud were that she relied upon Duncan and Turner to prepare the papers in accordance with the agreement; that they assured her they were according to the agreement, and in reliance upon their statement she did not read the instruments. She is presumed to have known the contents of same, but her alleged reason for not knowing the contents was her failure to read, induced by assurances upon the part of Duncan and Turner. However, Mrs. Robertson while testifying in her own behalf was asked: "Why didn't you read them?" To this she replied: "They read them to me." Later, referring to the deed of trust, she testified as follows: "Mr. Turner read it; Mr. Duncan had him read it to me." It is true she afterwards attempted to qualify her statement by saying that Turner read only parts of the deed of trust, or that she did not remember that he read all of it, including the description of Lot 6. The trial court, however, sustained objections to all statements that Turner in reading left out any parts of the instrument or falsely read or interpreted the instrument to her. The court rightfully sustained objections to this testimony, because there was no allegation that Mrs. Robertson had been misled or prevented from knowing the contents of the instruments because of a false reading of same. There is a distinct difference between the claim that the instruments were falsely read and the claim that she did not read them, and did not know their contents, because she was induced not to read them herself. As the record stands it is shown that the instruments were read to her by Mr. Turner. She knew this when her pleadings were prepared. If she had desired to attempt to avoid the effect of the instruments on the ground that they were falsely read to her by Turner she could have done so. She elected, however, to rest her attempt to avoid them on lack of knowledge on her part, consequent upon her failure to read the instruments, which failure was induced by reliance upon the other parties. She therefore entirely failed to sustain her allegation that she executed the instruments in ignorance of their contents. They were read to her by Mr. Turner. She had the same information and knowledge as to their contents she would have had if she had read them herself. On the trial parts of the deed of trust, including the description, were read to Mrs. Robertson, and she admitted that she understood them. In the absence of allegations and proof that Turner was acting as agent for Duncan and that there had been a previous agreement to the effect that Duncan would falsely read the instruments, all implications of

an attempt on the part of Duncan to mislead are removed. Certainly Duncan would not have requested Turner to read the instruments to Mrs. Robertson, intending to mislead and deceive her, in the absence of a previous understanding that he would falsely read them.

2　We think the evidence conclusively showed that Mrs. Robertson did not execute the deed of trust in ignorance of its provisions, and as a result of fraud on the part of Duncan. Regardless of what may have been the terms of the oral agreement, in the absence of proof showing lack of knowledge as a result of fraud on the part of plaintiff in error, she was bound by the provisions of the instruments as executed, and was not entitled to a cancellation or reformation of same.

The judgment of the Court of Civil Appeals in so far as it remanded the cause as to Lot No. 6 is reversed and the judgment of the trial court is affirmed. The judgment of the Court of Civil Appeals is in all other respects affirmed.

Opinion adopted by the Supreme Court May 26, 1937.

Rehearing overruled June 23, 1937.