**W. A. STOCKTON et al., Appellants,**

**v.**

**J. W. C. BUCKLEY et al., Appellees.**

No. 13562.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1960.

Rehearing Denied March 9, 1960.

Lloyd, Lloyd & Dean, Alice, for appellants.

Perkins, Floyd & Davis, Kenneth Oden, Alice, for appellees.

POPE, Justice.

W. A. Stockton and Arturo Lozano, plaintiffs below, appeal from an order which sustained J. W. C. Buckley's plea of privilege to be sued in Harris County, Texas. Plaintiffs sued to cancel a contract by which they guaranteed that Rene Lozano would pay Buckley $7,500. Plaintiffs claimed that the contract was executed by reason of fraud practiced upon them by Buckley, the seller, and Rene Lozano, the buyer.

Plaintiffs filed suit in Brooks County against Rene Lozano, a resident of Brooks County, and Buckley, a resident of Harris County. Under Art. 1995, § 4, to hold venue in Brooks County against Buckley, plaintiffs needed to prove each element

of a bona fide claim against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Park v. Wood, 146 Tex. 62, 203 S.W.2d 204. Plaintiffs failed to prove fraud as alleged.

Rene Lozano, during 1955, agreed to buy from Buckley the Western Auto Associate Store located in Falfurrias, Texas. Buckley agreed to sell the store for $15,000, provided Lozano obtained two persons who would guarantee at least $7,500 of the purchase price. On August 15, 1955, the transaction was closed by a written contract signed by Buckley, the seller, by Rene Lozano, the buyer, and by Arturo Lozano and W. A. Stockton, as guarantors. Plaintiffs assert by their suit, that they guaranteed only the first $7,500 and nothing else. The contract did not limit the guaranty to the first $7,500.[1]

Arturo Lozano, one of the guarantors, testified that Buckley read the instrument to him, but there is no claim that he misread it. He said there was no reason that he did not read the contract himself, and that he can read. Stockton, the other guarantor, testified that he did not read the contract, but inconsistently testified, "I looked at it * * * looked at it." He said he "read it hurriedly, * * * glanced over it." The claim of fraud is that Rene Lozano, the purchaser, explained orally that the guarantors would guarantee only the first $7,500. The contract is short, simple and clear. Both guarantors were handed and retained an executed copy of the contract. The trial court, by its judgment, apparently determined the plaintiffs failed to prove that the resident defendant in fact committed fraud. Stockyards Nat. Bank v. Maples, supra.

In any event, plaintiffs' excuse for failing to read the contract did not amount

to actionable fraud. All parties knew the transaction was to be closed upon the basis of a written and not an oral contract. A failure to read what was at once apparent defeated the guarantors' claim of fraud. Duncan v. Robertson, 129 Tex. 637, 105 S.W.2d 214; Indemnity Ins. Co. of North America v. W. L. Macatee & Sons, 129 Tex. 166, 101 S.W.2d 553.

The judgment is affirmed.

---

1. "The Guarantors Arturo V. Lozano and W. A. Stockton, do agree and bind themselves to jointly and severally pay the sum of $7,500.00 upon the above $15,000.-00 consideration in the event of default by the buyer, and do so hereby bind themselves to pay the same at the Second National Bank in Houston, Texas, upon the receipt of a written notice to them making demand for payment within five (5) days from receipt of such notice."