## McCORMICK et al. v. SOUTHWESTERN LIFE INS. CO.

No. 981.

Court of Civil Appeals of Texas. Waco.

Feb. 12, 1931.

Bryan & Maxwell, of Waco, and O. F. Wencker, of Dallas, for appellants.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, and Sleeper, Boynton & Kendall, of Waco, for appellee.

### ALEXANDER, J.

This was a suit in the nature of a bill of interpleader filed by the Southwestern Life Insurance Company in the district court of McLennan county, Tex., against Mrs. Marjorie McCormick and Mike T. Lively, both of whom resided in Dallas county, and Ben R. Sleeper, as guardian of the estate of Adelaide McCormick, a minor, said guardian and minor residing in McLennan county, Tex. The plaintiff alleged, in substance, that it had executed and delivered a life insurance policy in the sum of $3,000 on the life of Andrew P. McCormick, payable at his death to his wife, Marjorie McCormick; that Andrew P. McCormick was dead; and that Marjorie McCormick was his surviving widow, and Adelaide McCormick was his only surviving child. The plaintiff admitted liability for the payment of the proceeds of said policy, but alleged that it was unable to determine to whom the same should be paid, inasmuch as a bona fide controversy existed among the defendants, each of them claiming the proceeds of the policy. The petition alleged that Mrs. Marjorie McCormick claimed the proceeds of said policy as the designated beneficiary therein; that the defendant Mike T. Lively claimed a part of the proceeds of the policy by virtue of an alleged assignment thereof from Mrs. Marjorie McCormick; and that Ben R. Sleeper, as guardian of the minor, Adelaide McCormick, claimed that the said Marjorie McCormick, the designated beneficiary, was the principal in willfully bringing about the death of the insured and that under the statute she had forfeited her interest in the policy.

Plaintiff paid the amount due under said policy, to wit, $3,000, into the registry of the court and alleged that it was a mere stakeholder, being able, ready, and willing to pay said funds to the rightful owner, but

that it could not determine the respective rights of the parties without hazard to itself and that it was in doubt as to which of said defendants was entitled to receive said funds. It prayed for a judicial ascertainment by the court as to whom payment of the proceeds should be made.

Defendant Ben R. Sleeper, as guardian of the estate of Adelaide McCormick, a minor, filed an answer in which said guardian alleged that Marjorie McCormick, the beneficiary named in said policy, had willfully brought about the death of the insured by shooting him with a pistol and that she had thereby forfeited the proceeds of said policy; that Adelaide McCormick was the only child and next of kin of the insured and was entitled to the proceeds of said insurance.

The defendants Marjorie McCormick and Mike T. Lively filed pleas of privilege alleging their residences to be in Dallas county and asking that the suit be transferred to the district court of that county. The plaintiff duly controverted the pleas of privilege. The trial court overruled the pleas of privilege and the defendants Marjorie McCormick and Mike T. Lively appealed.

The evidence shows without dispute that the defendants Lively and Marjorie McCormick resided in Dallas county; that Adelaide McCormick is a minor residing in McLennan county, and that she is the only daughter and next of kin to Andrew P. McCormick, and that Ben R. Sleeper. the guardian of her estate. resides in McLennan county. The home office of the plaintiff is located in Dallas county and the policy is payable at its home office.

It is the contention of the appellants that before the suit could be maintained in McLennan. county, the residence of the minor, Adelaide McCormick, the plaintiff must both allege and prove that there was a bona fide controversy as to the ownership of the funds, and they further contend/ that plaintiff failed to prove the existence of such a controversy.

■■ The purpose of the remedy of interpleader is to protect an innocent stakeholder, willing and ready to pay the funds in his hands to the party or parties entitled to receive the same, not only from a double recovery, but also from the expense and vexation attending the defense of such suits as may be brought by rival claimants. It is an efficacious and wholesome remedy and is allowed as a substantial right to the complainant who, under proper circumstances, invokes the same. Great Southern Life Insurance Company v. Kinney (Tex. Civ. App.) 276 S. W. 741. In order to justify such a suit, the circumstances must be such as to place the stakeholder in some real doubt or hazard in passing and acting upon the conflicting claims. However, where the venue of a suit is dependent on the claims of the rival claimant in whose residence the suit has been brought, it is not

necessary that the evidence establish his right to the funds by a preponderance of the evidence. It is sufficient if the evidence establishes any reasonable doubt as to his right thereto. Where the evidence establishes a reasonable doubt as to the rightful claimant of the fund, the stakeholder has the right to select the forum in which the controversy is to be litigated so long as the suit is maintained in the county of the residence of one of such claimants. Nixon v. N. Y. Life Ins. Co., 100 Tex. 250, 263, 98 S. W. 380, 99 S. W. 403; Greenwall v. Ligon (Tex. Com. App.) 14 S.W. (2d) 829.

Eddie Barr, a witness for plaintiff, testified that he, as a newspaper reporter, visited the residence of Mrs. Marjorie McCormick on September 29th, and that he saw Andrew P. McCormick there sitting in a chair. He had been shot and was in a semiconscious condition. The witness asked Mrs. McCormick who shot Mr. McCormick, and she said, "I did." Witness then asked her why she shot him, and she said, "We had a little quarrel." The defendant introduced a part of the deposition of Mrs. McCormick in which she detailed the circumstances of the killing, and if her testimony is true, she killed him in self-defense. The evidence further showed that Ben R. Sleeper, as guardian of Adelaide McCormick, had made demand on the insurance company for the payment of the proceeds of the insurance policy. Prior to the filing of the plea of privilege herein, said guardian had filed an answer in which he alleged that Marjorie McCormick had willfully brought about the death of the insured by shooting him, and said guardian claimed the insurance money on behalf of his ward. While such answer was not admissible to prove the truth of the allegations therein, it was evidence of an actual claim by such guardian and of the grounds of such claim, and the trial court had the right to take judicial knowledge of the claims made therein. Revised Civil Statutes (1925), article 5047, provides as follows:

"The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of insured shall receive said insurance."

While it is not proper for this court, at this time, to pass on the sufficiency of the evidence to establish the right of the guardian to the funds in question, we think the evidence is sufficient to raise a reasonable doubt as to who is the rightful owner thereof. The evidence on a trial on the merits may show that the killing was in self-defense and that Mrs. Marjorie McCormick is entitled to the funds, but Marjorie McCormick is a party to the suit and the weight of her testimony will be a question of fact for the jury. The insurance company was not required to decide this doubtful question of fact and to pay over the funds at its peril.

The judgment of the trial court is therefore affirmed.