## WILLIAMS v. TEXAS EMPLOYERS INS. ASS'N.

### No. 2175.

Court of Civil Appeals of Texas. Waco.

Dec. 21, 1939.

Rehearing Denied Jan. 11, 1940.

Martin S. Tudyk, of San Antonio, for appellant.

Eskridge & Groce and Russell Talbott, all of San Antonio, for appellee.

ALEXANDER, Justice.

This suit was brought by Ulissus J. Williams against Texas Employers Insurance Association to set aside a compromise settlement of a workmen's compensation case on the ground of fraud. The jury answered the issues submitted to them in favor of the plaintiff, but the court, on motion of the defendant, entered judgment in favor of the defendant non obstante veredicto. The plaintiff appealed.

The plaintiff, who was a colored man, was an employee of Firestone Tire & Rubber Company. On July 3, 1935, while he was mounting a tire on a truck, the tire blew out and severely injured plaintiff about the head and face. He was confined to the hospital for a few days and then returned home, and after remaining there for two or three weeks, one Parker, the local manager of the employer, sent for him to come to the office. Plaintiff testified that when he went to the office, Parker, who at that time was apparently acting for the insurance company, told plaintiff that he had some papers for him to sign; that at that time plaintiff was practically blind, as a result of his injuries, and he then informed Parker that he was unable to read the papers, and that Parker then assured him that the papers contained only a report of the accident to the insurance company. It later developed that the paper signed by plaintiff at that time constituted a settlement agreement by which plaintiff agreed to settle his workmen's compensation claim for the sum of $75. The jury, in answer to special issues, found that at the time plaintiff signed the papers Parker represented to him that they contained only a report to the insurance company of plaintiff's injuries; that such representation was false; that plaintiff believed and relied on such representation and was induced thereby to sign said settlement agreement and would not have done so but for such representation.

As stated above, the trial court, after receiving the verdict, on motion of defendant, entered judgment for the defendant non obstante veredicto. It is not clear on what theory the judgment was so entered. There was evidence sufficient to sustain a finding that Parker was acting as agent for the insurance company at the time he procured the execution of the settlement agreement, and the evidence heretofore referred to was very clearly sufficient to raise an issue of fraud in the procurement of the settlement.

In its brief the defendant asserts that the plaintiff received and cashed a draft for a part of the consideration of the settlement agreement after having been informed of the nature of the agreement, and that by reason thereof, he is now precluded from asserting the alleged fraud in the procurement of the agreement. This might be true if plaintiff had possessed full knowledge of the settlement agreement at the time he accepted and retained a part of the consideration therefor. The evidence, however, does not conclusively establish such theory. The plaintiff testified that about two weeks after he had signed what he then thought was a report to the insurance company, but which later proved to be the settlement agreement, Parker called him to the office and had him sign or endorse a check, which at that time plaintiff was unable to read. Parker then gave him $40 of the $75 paid by the company

under the settlement agreement and retained the balance to pay for the services of a man who had been working in plaintiff's place while he was ill. The plaintiff testified that he thought the check was for weekly compensation, like other injured employees received, and did not know that it had any connection with a purported settlement agreement. If this testimony was true, the plaintiff would not be estopped to repudiate the agreement, for full knowledge of the essential facts is a necessary prerequisite as a basis for estoppel. 17 Tex. Jur. 138. There was no finding by the jury that the plaintiff knew at the time he received and cashed the check that the same had been sent to him as consideration for the purported settlement agreement, and since the evidence was in dispute on that issue the trial court had no right to withdraw the issue from the jury and decide the same in favor of the defendant. It should also be noted that the defendant did not plead estoppel in the lower court. Such plea was necessary in order to authorize the defendant to raise the issue in this court. 17 Tex.Jur. 146.

■ The defendant asserts that plaintiff failed to show that he had been injured by the settlement agreement and was therefore not entitled to have same set aside, even though it had been procured by fraud. The defendant's contention that plaintiff failed to show injury is based on two grounds, the first one of which is that the evidence failed to show such an injury as would authorize compensation payments in excess of $75, the amount paid for the settlement agreement. According to plaintiff's testimony he was totally and permanently disabled. His evidence, if believed by the jury, would authorize a verdict far in excess of the amount paid for the settlement agreement. This contention therefore cannot be sustained. The second ground is that the plaintiff neither alleged nor proved that he had filed a claim with the Industrial Accident Board within six months after the injury, nor did he allege any excuse for his failure to do so, and hence it would be useless to set the settlement aside because plaintiff could not now recover under the Workmen's Compensation Act. Vernon's Ann. Civ.St. art. 8306 et seq. The plaintiff did not allege that he had filed a claim with the Industrial Accident Board within the time allowed by law, nor did he allege any excuse for his failure to do so. He did allege, however, that his employer carried workmen's

compensation; that the defendant was the carrier of the insurance; that he was injured in the course of his employment and totally and permanently disabled thereby. He alleged the amount of his wages and further alleged that by reason of the facts he was entitled to recover workmen's compensation from the defendant for a total of 401 weeks at $8.36 per week, or a total sum of $3437.76, in addition to the $75 already paid him. He also alleged the fraudulent procurement of the settlement agreement. The defendant did not direct any special exception to the petition. A general demurrer was presented to and overruled by the court. We think the petition was good as against a general demurrer. Since it was good as against a general demurrer, the defendant could not take advantage of any irregularity therein merely by requesting an instructed verdict or by motion non obstante veredicto. The reason for this rule lies in the fact that if the defendant had excepted to the sufficiency of the pleading, plaintiff would have had the right, as a matter of right, to amend, Jago v. Indemnity Ins. Co. of North America, 120 Tex. 204, 36 S.W.2d 980, whereas if the defendant be allowed to raise the question by request for an instructed verdict or by motion for judgment non obstante veredicto, the right to amend would thereby be cut off. See 33 Tex.Jur. 676; Ferrell v. City of Haskell, Tex.Civ.App., 134 S.W. 784. The plaintiff did not prove directly that he had filed his claim with the Industrial Accident Board within the time allowed by law, but the record does show that timely notice of injury was filed with the Board and that on August 7, 1935, within less than six months after the date of the injury, the Industrial Accident Board entered an order approving the compromise agreement. We think this was sufficient to show that the claim had been filed within time and in such manner as to confer jurisdiction on the Board. Central Surety & Insurance Corporation v. McCowan, Tex. Civ.App., 93 S.W.2d 472, 475; Casualty Reciprocal Association v. Berry, Tex.Civ.App., 90 S.W.2d 595; Commercial Casualty Insurance Company v. Hilton, 126 Tex. 497, 87 S.W.2d 1081, 89 S.W.2d 1116 pars. 3, 4-5; Kennedy v. Texas Employers' Insurance Association, Tex.Civ.App., 121 S.W.2d 434, par. 10. The contention is therefore overruled.

■ Appellee's last contention is that the court properly entered judgment for defendant non obstante veredicto, because

there was no finding made by the jury, and no request for such finding, that plaintiff was damaged to any extent by the alleged fraud. As heretofore stated, the evidence was sufficient to show such damage. It may be conceded that such finding by the jury would be necessary to support a judgment in favor of the plaintiff. The statute, however, authorizes the court to render a judgment non obstante veredicto only when there is no evidence to support a verdict and not merely because the findings made by the jury are insufficient to support a judgment. R.S. art. 2211, Vernon's Ann.Civ.St. art. 2211.

The judgment of the trial court will be reversed and the cause remanded for a new trial.