## SECURITY STATE BANK OF PHARR v. SHANLEY et al.

### No. 11441.

Court of Civil Appeals of Texas.
San Antonio.
Aug. 23, 1944.

Kelley & Looney, of Edinburg, for appellant.

T. J. Bader and Oxford, Oxford & Ramsour, all of Edinburg, for appellees.

PER CURIAM.

The appeal is from an order dismissing a bill of interpleader brought by Security State Bank of Pharr against Laura B. Shanley and her husband, John F. Shanley, and L. M. Sutton. The Bank will be designated as plaintiff and the Shanleys and Sutton as defendants, as in the trial court.

The rights of the parties must be determined from the allegations of fact in plaintiff's bill of interpleader, as follows:

1. On October 7, 1943, Laura S. Shanley, a resident of San Diego, California, wrote plaintiff as follows:

"October 7, 1943
"Security State Bank
"Pharr, Texas
"Dear Sirs:
"I am enclosing warranty deed to be delivered to L. M. Sutton of McAllen, Texas, a real estate dealer, upon receipt of cash for sale of my property in Hidalgo County, Texas, said property being sold to Mr. Hall, the amount of cash to be paid me is $4,250.00 net, the cost of the abstract, revenue stamps, recording of papers to complete the title, and transmitting of the money to me being deducted from the above.

"He has requested that I send the enclosed to you and I trust that you will take care of this matter legally and do whatever is necessary to protect my interests. Will you please note that the deed is not completed. Mr. Sutton had requested that I instruct you to allow him, after you have the money in hand, for the purchase of this property, to type in the Deed, using the same typewriter, the name of the purchaser, in the way in which the purchaser wanted to carry the title. Will you also see that the two blank spaces in the deed are filled in with '175 ft.,' one hundred and seventy-five feet?

"If you will note in the Deed, the taxes are to be prorated as of September 1, 1943.

"I am sending L. M. Sutton a supplemental abstract, prepared by the Valley Abstract Co., Edinburg, Texas, prepared for Brown and Bader, attorneys of Edinburg, Texas, who were the Texas attorneys handling this matter for my father's estate. Am also sending to Mr. Sutton two copies of the lease made with Mr. Ferrall. The above abstract will enable him to draw up the final papers. I trust that you will take care of the protection of my interests in this matter and before surrendering the deed, you will have the $4,250 in your hands to send to me."

Upon receipt of said letter from Mrs. Shanley the Bank notified Sutton that it was ready to deliver the deed to him upon payment of the specified consideration,

$4,250. Nothing further transpired, however, until December 5, 1943, when the Bank received a telegram from Mrs. Shanley as follows:

"Please hold up delivery warranty deed to L. M. Sutton until further word from me Such a long time has elapsed this sent September 22"

Plaintiff further alleged that "thereafter, on December 13, 1943, having heard no further word from said Laura S. Shanley or from L. M. Sutton, the plaintiff wrote the defendant, Laura S. Shanley, as follows:

"'Please advise us if you want us to return the Warranty Deed to L. M. Sutton. You wired us December 5th to hold up delivery and we are not certain whether you want us to hold this item for further instructions or to return same to you.'

"Thereafter, on December 17, 1943, the defendant, L. M. Sutton, tendered the Security State Bank of Pharr, Texas, the sum of $4,080.48, and demanded the delivery of said warranty deed. The sum of $4,080.48 was represented by two checks, * * *."

Summarized, the facts are that:

1. On October 7, 1943, Mrs. Shanley placed the deed in the hands of the Bank with instructions to the Bank to deliver the deed to Sutton upon payment of the named consideration.

2. On receipt of the letter and deed the Bank promptly notified Sutton that it would deliver the deed to him upon payment of the consideration.

3. On December 5, 1943, before Sutton acted upon that notice or tendered the consideration and demanded the deed, Mrs. Shanley instructed the Bank to hold the deed until further word from her.

4. On December 13th the Bank wrote Mrs. Shanley asking for further instructions in view of her telegram, but received no reply from her.

5. Four days later, on December 17th, Sutton called upon the Bank, tendered the consideration and demanded the deed, but the Bank refused, in pursuance of the prior telegraphic instruction from Mrs. Shanley, to withhold such delivery "until further word" from her. The Bank explained to Sutton its reason for refusal.

6. Next day, December 18th, the Bank wrote Mrs. Shanley, telling her of Sutton's tender and demand, and asked for instructions.

7. Mrs. Shanley ignored that letter, but several weeks later, on January 11, 1944, she wired the Bank instructing it to deliver the deed to her attorneys at Edinburg, the County seat.

Upon that state of facts the Bank filed its petition of interpleader, setting up the facts stated and tendered into court the deed in question, as well as the checks which Sutton had left with the Bank as consideration for the deed. The Bank impleaded the interested parties, the Shanleys and Sutton, and prayed that they be cited and required to establish their respective rights in the premises. The trial court sustained the Shanleys' motion to dismiss the interpleader by entering the following order:

"This the 15th day of March, 1944, came on to be heard the above entitled and numbered cause, wherein the Security State Bank of Pharr, Texas, is plaintiff, and Laura S. Shanley and husband, John F. Shanley, and L. M. Sutton are defendants, and came the Plaintiff by its attorneys, Kelley & Looney and R. J. Enochs, and came the defendants, Laura S. Shanley and John F. Shanley by their attorneys, T. W. Bader and Royce Oxford, and came the defendant L. M. Sutton by his attorney, R. D. Cox, Jr., and came on to be heard the motion to dismiss, filed herein by the defendants Laura S. Shanley and John F. Shanley, and the Court having examined plaintiff's original petition and bill of interpleader and the motion to dismiss and being of the opinion that the motion should be granted for the reason that it affirmatively appears from the bill of interpleader in this case that the plaintiff, Security State Bank of Pharr, Texas, was the agent of Laura S. Shanley and John F. Shanley and the Court concluding as a matter of law that an agent may not interplead his principal or any third party, in the circumstances set out in Plaintiff's bill of interpleader,

"It is accordingly ordered, adjudged and decreed that the bill of interpleader heretofore filed in this case by the Plaintiff, Security State Bank, Pharr, Texas, be and it is hereby dismissed at the plaintiff's cost.

"And it further appearing to the Court that the defendants, Laura S. Shanley and John F. Shanley and L. M. Sutton, have

a controversy in connection with this suit which can be severed,

"It is accordingly ordered, adjudged and decreed that the cause be severed as' to the controversy between the defendants.

"To which action and rulings of the Court the plaintiff then and there in open court excepted and defendant then and there in open court gave notice of appeal to the Court of Civil Appeals of the Fourth Supreme Judicial District of Texas, sitting in San Antonio, Texas.

"Enter:
"W. R. Blalock
"Judge Presiding

"O. K.
"Royce A. Oxford
"R. D. Cox, Jr.
"Kelley & Looney
"By R. J. Enochs

"Endorsements: No. B–14014 In the District Court of Hidalgo County, Texas, 93rd Judicial District. Security State Bank, Pharr, Texas, v. Laura S. Shanley et al. Final Judgment. Vol. '14' page 501."

The judgment discloses that it was based upon the finding of fact that the Bank was the agent of the Shanleys and upon the conclusion of law that an agent cannot interplead his principal. The judgment further shows that there was a bona fide controversy existing between the Shanleys and L. M. Sutton.

█ It is true that the general rule is that an agent cannot ordinarily interplead his principal but there is an exception to this rule when the claim of the third party is not paramount to and independent of the claim of the principal but is derivative under, and not antagonistic to that of the principal. 3 Pom.Eq.Jur. 351 (original Ed.).

█ It has been said concerning the remedy of interpleader that it is so beneficial and so just that any reasonable doubt as to the right thereto will be resolved in favor of the existence of the remedy. Great Southern Life Ins. Co. v. Kinney, Tex.Civ.App., 276 S.W. 741.

Rule 43, Texas Rules of Civil Procedure, reads as follows:

"Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in any other rules."

This rule clearly extends and liberalizes in this State the equitable remedy of interpleaders.

█ Here we have a finding of the court that a controversy does exist between the Shanleys and Sutton and it appears from the petition that the Bank is in possession of a deed from the Shanleys and $4080.48 paid to it by Sutton. Sutton is demanding that the money be delivered to the Shanleys and the deed to him, while the Shanleys are demanding that the bank return the money to Sutton and the deed to them. The Bank, being confronted by these conflicting demands, comes into a court of equity and expresses a willingness to do either, but asks the court to determine which action it shall take. It seems to us that under our liberal system of interpleader the Bank should have been heard upon this interpleader.

The court below in effect by its judgment said to the Bank, it is true that you hold this deed and this money and it is true that there exists a controversy between the respective parties as to what their rights are, and it is further true that you may incur liability if you make a mistake in handling this matter, but you can receive no protection in a court of equity. You will be dismissed from this suit and be required to act in the premises at your own peril, however, the controversy between the Shanleys and Sutton will be retained upon the docket and later heard and determined, but, in the meantime, if you have acted contrary to what may ultimately be determined to be the rights of the parties you may be held in another suit to answer for your mistake in judgment.

The trial judge can very easily retain all the parties before him and if on final hearing it shall be determined that the Bank had no real reason for filing the interpleader then and in that event the court

can refuse to allow the Bank to recover its costs and attorney's fees. Such a course could work a hardship upon no one and in the end give to all parties their just rights.

Accordingly, the judgment is reversed and the cause remanded for further proceedings in keeping with this opinion.