### T. S. PARK v. CRAIG WOOD ET AL.

No. A-1215. Decided June 18, 1947.
(203 S. W., 2d Series, 204.)

*Hardway, Harwell, Smith & Gwin,* of Houston, and *William Pannill,* of Fort Worth, for petitioner.

*McGown, Godfrey & Logan,* of Fort Worth, for respondents

MR. JUSTICE SLATTON delivered the opinion of the Court.

This is an original petition for mandamus filed in this Court by T. S. Park for the purpose of compelling the Honorable Court of Civil Appeals at Fort Worth to certify to this Court a question of law which arises in an interlocutory order, in which T. S. Park was denied the privilege of being sued in the county of his residence, towit, Harris County. A suit was filed in one of the district courts of Tarrant County by Craig Wood, Byron Nelson and Jimmie Demaret as plaintiffs against T. S. Park, Henry G. Picard, Ben Hogan and Mrs. John Burke as defendants. The residences of the parties were alleged as follows:

"Plaintiff Craig Wood is a resident of New York, New York; plaintiff Byron Nelson is a resident of Denton County, Texas; plaintiff Jimmy Demaret is a resident of Harris County, Texas; defendants T. S. Park and Mrs. John J. Burke are residents

of Harris County, Texas; defendant Henry G. Picard is a resident of Cleveland, Cuyahoga County, Ohio; defendant Ben Hogan is a resident of Tarrant County, Texas."

The dominant purposes of the suit are to require an accounting by T. S. Park; to enjoin T. S. Park from manufacturing certain articles of merchandise; that on final hearing the exclusive right to manufacture such merchandise be adjudged in plaintiffs and other interested parties; judgment for specific performance of a contract against T. S. Park; judgment against T. S. Park for all moneys received by him and converted to his own use; that an auditor be appointed to audit the books of T. S. Park and the corporate assets; that the rights of the parties be established in and to the funds of the corporation, and in the alternative plaintiffs and those similarly situated have judgment for damages for breach of contract against the defendant T. S. Park in the sum of $170,000.00, and for general and special relief, and so forth.

The Honorable Court of Civil Appeals at Fort Worth affirmed the interlocutory order of the trial court, and denied the plea of T. S. Park to be sued in Harris County.

T. S. Park seasonably filed his motion for rehearing and timely requested the intermediate court to certify to this Court certain questions of law. The main basis of the request to certify was predicated upon the conflict of the opinion of the Court of Civil Appeals at Fort Worth with the opinion of the Supreme Court in the case of Stockyards National Bank v. Maples, 127 Texas 633, 95 S. W. (2d) 1300, and other cases of the various courts of similar import.

The Court of Civil Appeals overruled both motions of Park; hence we allowed his motion to file the petition for mandamus and have heard the same on oral arguments and briefs.

Park contends that no cause of action for affirmative relief was either alleged or proven against the resident defendant Hogan. The same contention is maintained with reference to the cause of action for specific performance of the written contract of 1941, and a like contention is made with reference to the written contract of 1946.

The respondents contend that they alleged and proved a cause of action against the resident defendant Hogan of such

a nature that Hogan was not only a proper party, but was a necessary party defendant with the non-resident defendant Park.

We have carefully considered the pleadings of the respondents and conclude that no cause of action was stated against Hogan, the resident defendant, within the purview of Exception 4 of Article 1995 of the venue statutes. We cannot find in the pleadings a single issue made between the plaintiffs named and the resident defendant Hogan. Nothing appears in the pleadings which would render Hogan adverse to the plaintiffs in any phase of the rather comprehensive suit. Hogan's interests, according to the pleadings, are aligned with those of the plaintiffs. Obviously no such cause of action has been alleged against the resident defendant Hogan as would deprive Park of his privilege to be sued in the county of his residence under Exception 4 of Article 1995. These conclusions also apply to the proof.

It was definitely and pointedly held in the Maples case that in a case like the present, under Exception 4 of Article 1995:

"Proof that a named defendant is in fact a resident of the county where the suit is pending and that plaintiff has a cause of action against him, together with proof of the nature of the case which plaintiff's pleadings supply, constitutes full proof of every fact necessary to show that the case comes within exception 4."

Regardless of whether the rule stated in the Maples case has arisen from judicial construction or from a proper interpretation of the exception, it is too well settled to now judicially depart from it without a legislative command to do so. So, it is apparent that respondents did not allege or prove a cause of action against the resident defendant Hogan. Therefore, the plea of the suit is not within Exception 4 against the plea of Park. Accordingly, we conclude that the Honorable Court of Civil Appeals has ruled in this case contrary to the ruling of this Court in the Maples case.

Since it is believed that the Honorable Court of Civil Appeals will conform to the rulings of this Court without compulsion, the writ will not issue until a reasonable time has been given for the Court to grant Park the right to be sued in the county of his residence. If it is not done within a reasonable time, the writ will issue as prayed for.

Opinion delivered June 18, 1947.

No motion for rehearing filed.