**CRAWFORD et al. v. MORRIS et al.**

**No. 2775.**

Court of Civil Appeals of Texas. Eastland.

Feb. 3, 1950.

On Motions for Rehearing March 17, 1950.

Rehearing Denied April 7, 1950.

GRISSOM, Chief Justice.

On May 8, 1942, C. J. Daniels, who owned the 8.6 acres of land in controversy, died intestate and his father, G. W. Daniels, inherited one-half of said land and the other half was inherited by his brother and sisters. There was no administration on the estate of C. J. Daniels. In August, 1944, G. W. Daniels died. He left a will in which he devised his interest in said land to his surviving children, Catie Daniels Crawford, Mabel U. Daniels, Grace Daniels Shelton, Irvin Van Daniels and Vanita Daniels Tunnell, the brother and sisters of C. J. Daniels, deceased. Mabel U. Daniels was appointed independent executrix of G. W. Daniel's estate and qualified as such. Thereafter, in December, 1944, Mabel U. Daniels executed a general warranty deed to said 8.6 acres to W. E. Morris. Morris paid the market value for said tract, which was $80.00. The deed was signed "Mabel U. Daniels For myself and as administratrix of the estate of C. J. Daniels, deceased." Morris executed a deed purporting to convey one-half of the minerals in said tract to L. H. McCrea.

On July 29, 1948, Grace Daniels Shelton and Vanita Daniels Tunnell, joined by

their husbands, and Catherine Daniels Crawford and Irvin Van Daniels, executed an oil and gas lease to Alsabrook and Kemp for which they were paid a cash bonus of $5,160.00. W. E. Morris and L. H. McCrea joined said parties in the execution of said lease.

In August, 1948, Morris and McCrea filed this suit against Catie Daniels Crawford, Mabel U. Daniels (Keefer) and husband, Vanita Daniels Tunnell and husband, Grace Daniels Shelton and husband and Irvin Van Daniels in trespass to try title to a 4/5ths interest in said 8.6 acre tract. It was apparently admitted that Mabel U. Daniels' 1/5th interest therein had been conveyed to the plaintiffs by her deed heretofore referred to.

Plaintiffs also alleged that defendants executed said oil and gas lease and wrongfully received $5,160.00 as a bonus for their execution of said lease; that said bonus was the property of plaintiffs but was received and appropriated by defendants and, therefore, plaintiffs were entitled to judgment against defendants for said amount. As an alternative plea to that in trespass to try title, plaintiffs alleged that in the event they were denied relief in their action to try title they were entitled to judgment against Mabel U. Daniels Keefer because of her execution of the warranty deed to plaintiffs. Plaintiffs alleged that Mabel U. Daniels was never administratrix of the estate of C. J. Daniels but that she conveyed to Morris the fee simple title to said tract. Plaintiffs alleged they were entitled to recover damages for loss of said title in the sum of $5,240.00, for which they ask judgment against Mabel U. Daniels Keefer. Defendants excepted to said petition, among other things, because of a failure to allege facts showing that defendants were not entitled to receive the bonus for said oil and gas lease. Defendants answered by pleas of not guilty and general denial.

On January 19, 1949, plaintiffs filed an amended petition which contained the same allegations with reference to trespass to try title and the allegations that the defendants, except Mabel U. Daniels Keefer and

husband, wrongfully received $5,160.00 as a bonus for said lease. They also alleged, as they had in their original petition, the execution of the deed to Morris by Mabel U. Daniels (now Keefer) and that she thereby conveyed to Morris title to said tract; that she was never administratrix of the estate of C. J. Daniels; that she was independent executrix of the estate of G. W. Daniels; that she was qualified and acting in such capacity when she executed the deed to Morris. Plaintiffs alleged that the execution of said deed by Mabel U. Daniels to Morris in the manner heretofore shown, was the result of a mistake on her part, or the person who drafted the deed for her signature, or others unknown to plaintiffs, but that it was intended by the execution of said deed to convey the interest of Mabel U. Daniels individually and of the estate of G. W. Daniels, deceased; that the deed should be reformed to speak the truth and convey the interests intended. Plaintiffs alleged that Morris paid the full agreed consideration to Mabel U. Daniels, individually and as independent executrix of the estate of G. W. Daniels, and that said estate had received and appropriated its part of the purchase price.

Plaintiffs further alleged that when Mabel U. Daniels executed the deed to Morris, in December, 1944, she was the attorney in fact for the other defendants, her brother and sisters, by virtue of a power of attorney excuted in 1942, whereby said brother and sisters and her father, G. W. Daniels, authorized her to sell the land in controversy, which they inherited from C. J. Daniels. Plaintiffs allege that it was the purpose of Mabel U. Daniels in executing the deed to convey all of said land and all of the interests therein owned by defendants, and that she executed the same individually as independent executrix of the estate of G. W. Daniels, deceased, and as attorney in fact for the other defendants and that said deed should be so reformed.

Trial was to the court. The court rendered judgment awarding title to plaintiffs but denying them all other relief. Defendants have appealed. Plaintiffs have cross assigned error to the refusal of the

366

court to render judgment for the bonus collected by defendants.

■ The evidence was sufficient to show that Mabel U. Daniels intended to and did convey the interest owned by her individually, and the interests she had the power to convey as independent executrix of the estate of G. W. Daniels. She had qualified in that capacity. The estate owed debts that had not been paid. She executed a general warranty deed that purported to convey all interests in the land and she collected the market value of same. The face of the instrument showed she intended to convey in some additional capacity than as an individual. These and other circumstances shown were sufficient to support a conclusion that she intended to and did convey all the interest in the land that she had power to convey. See Hill v. Conrad, 91 Tex. 341, 43 S.W. 789; Morgan et al. v. White et al., Tex.Civ.App., 20 S.W.2d 366; Arnold v. Southern Pine Lumber Co., 58 Tex.Civ.App. 186, 123 S.W. 1162; McGraw v. Merchants' & Planters' Nat. Bank, Tex. Civ.App., 34 S.W.2d 633, 634; Texas Pac. Coal & Oil Co. et al. v. Norton, Tex.Civ. App., 238 S.W. 273, 275, 91 A.L.R. 434, 462.

■ Appellants' contention that the power of attorney executed to Mabel U. Daniels by her father and the surviving brother and sisters of C. J. Daniels was terminated by the death of one of the principals, to-wit: G. W. Daniels, must be sustained. Where the power is created by two or more principals jointly and not severally, as here, and one dies the power is thereby terminated. 2 Am. Jur. 53; 2 C.J.S., Agency, § 86, page 1178; Vol. 1, Restatement of the Law of Agency, Sec. 123, page 315. See also 23 Words and Phrases, Perm. Ed., page 86 and 39 Words and Phrases, Perm. Ed., page 64.

■ It follows that the portion of the judgment which rests upon a finding of a conveyance under said power of attorney cannot be sustained. A finding of a conveyance by Mabel U. Daniels of any greater interest than that owned by her individually and that which she had power to sell as independent executrix of the estate of G. W. Daniels, deceased, cannot be sustained. Therefore, a judgment awarding plaintiffs any greater interest in the land cannot be upheld, unless defendants (appellants here) are estopped to assert the incapacity of Mabel U. Daniels to convey under said power of attorney the interests inherited by her brother and sisters from C. J. Daniels, deceased. Apparently, the estoppel asserted is based upon the theory that her brother and sisters knowingly received their part of the purchase price of such interest. See 31 C.J.S., Estoppel, § 70, page 264; Williams v. Texas Employers Ins. Ass'n, Tex.Civ.App., 135 S.W.2d 262, 264, writ ref., and 17 Tex.Jur. 138. The evidence is insufficient to sustain a finding that they knowingly received same.

The judgment is reversed and the cause remanded.

### On Motions for Rehearing.

On February 3, 1950, judgment of the trial court was reversed and the cause remanded. Both appellees and appellants have filed motions for rehearing. All parties have also filed an agreement that the facts were fully developed on all issues on the former trial and request rendition of a final judgment on the record now before this court. In accord with said agreement and motions that final judgment be rendered, said motions for rehearing are to that extent granted and in all other respects overruled.

The judgment of the trial court is reformed so as to award to appellants a 4/10ths undivided interest in the land in controversy. In all other respects the judgment is affirmed.