**W. P. LUSE, Appellant,**

**v.**

**UNION CITY TRANSFER et al., Appellees.**

No. 3642.

Court of Civil Appeals of Texas.
Waco.

May 21, 1959.

Rehearing Denied June 18, 1959.

Vinson, Elkins, Weems & Searls, Tarlton Morrow, Houston, Prentice Wilson, Dallas, for appellant.

John H. Benckenstein, Beaumont, for appellee Union City Transfer.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee Crispin Co.

McDONALD, Chief Justice.

This is an appeal from the action of the Trial Court in overruling pleas of privilege filed by one of the defendants in an interpleader suit. Parties will be referred to as in the Trial Court. Union City Transfer filed this suit in Harris County as plaintiff as an interpleader suit (brought by virtue of Article 5628 Vernon's Ann.Civ.St. and Rule 43 Texas Rules of Civil Procedure) against the Crispin Company. Transcontinental Oil Company, C. P. Luce, C. P. Suce, W. P. Luse, as defendants. Plaintiff's residence is Harris County; The Crispin Company's residence is Harris County; defendant W. P. Luse's residence is Dallas County. (The other defendants did not answer and are not further considered). Plaintiff alleged that it is a public warehouseman and in such capacity, on 6 April 1957, had 572 joints of German made casing pipe in its storage yard in Beaumont, Texas; and that it had been notified of conflicting claims to the pipe by Crispin and Luse to such pipe. Plaintiff prayed that defendants be cited to appear and be required to interplead between themselves, and that plaintiff be discharged as to responsibility to defendants and such property. Crispin answered and filed a cross action against Luse for the pipe. Luse filed a plea of privilege to be sued in Dallas County to the interpleader suit; and also a plea of privilege to the cross action of Crispin. Plaintiff controverted the pleas of privilege maintaining that venue was properly laid in Harris County by virtue of subdivisions 4 and 29a of Article 1995 Vernon's Ann. Civ.St. Crispin likewise controverted the pleas of privilege, relying on subdivisions 4 and 29a of Article 1995. After hearing (on both pleas of privilege and controverting affidavits without a jury) the trial court overruled both pleas of privilege.

Defendant Luse appeals, contending the trial court erred in not sustaining his pleas of privilege to be sued in Dallas County because:

1) The exceptions to the venue statute do not authorize the filing of a bill of interpleader against a defendant outside the county of his residence.

2) The plaintiff failed to allege and prove itself a true and impartial stakeholder.

3) The title to the pipe involved was in Luse, and Crispin's claim was a mere assertion of title without any basis.

4) Crispin is estopped from claiming title to the pipe as a matter of law.

5) Crispin Company's cause of action against Luse is severable from the interpleader suit.

6) Plaintiff did not allege or prove the value of the pipe tendered into court so as to give the trial court jurisdiction of the interpleader suit.

The record before us reflects that in February 1957 the 572 joints of pipe were delivered to the plaintiff's storage facilities (as a public warehouseman) on straight bills of lading nonnegotiable from Crispin Company and consigned to Transcontinental Oil Company, % plaintiff, % C. P. Luce or C. P. Suce (C. P. Luce and C. P. Suce both refer to W. P. Luse). Plaintiff measured and tallied the pipe and placed same in storage in the name of W. P. Luse. On 13 March 1957 Crispin Company made a claim to plaintiff to the pipe, which claim plaintiff communicated to Luse, who in turn claimed ownership of the pipe. On 4 April 1957 plaintiff received a wire from Crispin advising that Crispin claimed title to the pipe as it had not been paid for same and that any release of same without order from Crispin would be at plaintiff's risk. Crispin further, on 4 April 1957, by telephone, letter and telegram advised Luse that Crispin claimed title to the pipe. Plaintiff being confronted with two claims to the pipe (which the record reflects to be worth in excess of $40,000), filed this bill in interpleader praying for a determination of the ownership of the pipe. As noted, one of the defendants' residence is Harris County, the residence of the other Dallas County. Defendant Luse, whose residence is Dallas County, sought to have the suit transferred to Dallas County and was by the Trial Court overruled. No findings of fact were made by the Trial Court and none were requested.

■ Article 5628 Vernon's Ann.Civ.St. provides that if more than one person claims title or possession of the goods stored in a public warehouse, the warehouseman may require all known claimants to interplead. Rule 43 T.R.C.P. entitled Interpleader, provides that persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is further provided that the provisions of this rule supplement and do not in any way limit the joinder of parties permitted in any other rules. 6 Tex.Jur.Supp. p. 363, expresses the judicial attitude toward Bills in Interpleader thusly:

"The remedy of interpleader is efficacious and wholesome, and is allowed as a substantial right to the complainant who, under proper circumstances, invokes the same. It has been said concerning the remedy of interpleader that it is so beneficial and so just that any reasonable doubt as to the right thereto will be resolved in favor of the existence of the remedy."

■ Under the facts adduced we think that plaintiff was entitled to file the instant suit in interpleader and that there was and now remains a reasonable doubt of both fact and law as to which of the conflicting claimants was and is entitled to receive the pipe. Plaintiff only knew he had the pipe as a warehouseman, and that both defendants were asserting claim thereto and were advising him that release of the pipe to the other would be at his risk. Plaintiff was a stakeholder, and we think a completely impartial one, and as such was not called on to decide disputed questions of fact. A valid doubt existed as to who was entitled to the pipe, and such is sufficient to justify the interpleader. Employers' Casualty Co. v. Rockwall County, 120 Tex. 441, 35 S.W.2d 690, 38 S.W.2d 1098.

■ Plaintiff plead and proved a cause of action against defendant Crispin, which was a resident of Harris County. Defendant Luse, a resident of Dallas County, was a necessary party.

Subdivision 4, Article 1995 R.C.S. provides that if two or more defendants re-

side in different counties, suit may be brought in any county where one defendant resides.

Subdivision 29a, Article 1995 R.C.S. provides that whenever there are two or more defendants in any suit brought in any county where such suit is lawfully maintainable under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

■ The record before us discloses that plaintiff plead and proved a case against the defendant Crispin. It follows that venue is maintainable in Harris County under subdivision 4. Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477. Venue is likewise maintainable under subdivision 29a, which provides that if venue is proper under any exception—then it is proper as to all necessary parties. The test of a necessary party is whether or not the plaintiff can obtain the complete relief sought without joinder of such party. Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616; Ward v. Davis, Tex.Civ.App., 262 S.W.2d 533. Clearly defendant Luse is a necessary party—for without him plaintiff cannot obtain the relief sought.

Further to the foregoing, 25 Tex.Jur. 57 states the general rule in interpleader actions thusly:

"The stakeholder may select the forum in which the controversy is to be determined provided he brings the suit in a county where one of the claimants resides."

This court, in McCormick v. Southwestern Life Ins. Co., Tex.Civ.App., 35 S.W.2d 502, 504, said:

"Where the evidence establishes a reasonable doubt as to the rightful claimant of the fund, the stakeholder has the right to select the forum in which the controversy is to be liti-

gated so long as the suit is maintained in the county of the residence of one of such claimants."

■ This court again expressed the rule in Alderdice v. Great Southern Life Ins. Co., Tex.Civ.App., 38 S.W.2d 873, 874:

"Since there was a reasonable doubt as to the true owner, the insurance company as the stakeholder had the right, independent of the filing of this suit by the plaintiffs, to select the forum in which the controversy should be litigated, and to file a bill of interpleader to have determined the true ownership of such funds, so long as the suit was maintained in the county of the residence of any one of such claimants. Nixon v. New York Life Ins. Co., 100 Tex. 250, 263, 98 S.W. 380, 99 S.W. 403; Greenwall v. Ligon (Tex.Com.App.) 14 S.W.(2d) 829."

The foregoing case is directly in point and controls the Trial Court's ruling on both pleas of privilege filed by the defendant Luse. Further, as to defendant Crispin's cross action against defendant Luse, such was in the alternative, and in any event was so intimately connected with the principal action that it should be maintained in the same county. See: Goodrich v. Superior Oil Co., 151 Tex. 46, 245 S.W.2d 958; Reagan County Purchasing Co., Inc. v. State, Tex.Civ.App., 65 S.W.2d 353. Defendant Luse's contentions 1 through 5 are overruled.

■■ Defendant Luse's 6th contention is that plaintiff did not allege or prove the value of the pipe tendered into court and that the trial court has no jurisdiction of the controversy. The record before us reflects that plaintiff did allege the pipe to be valued at some $43,000. Moreover, since this is a hearing on issues raised by the pleas of privilege and controverting affidavits, the venue facts alone are in issue. It is not a trial on the merits. The

matter as to the want of jurisdiction of the court is for the trial on the merits. If the petition fails to show jurisdiction it may be cured by amendment after exceptions have been levelled. In the absence of special exceptions the petition will be liberally construed in the pleader's favor. Downing v. Slattery, Tex.Civ.App., 144 S.W.2d 371, W/E Dism'd; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50. Defendant's 6th contention is overruled.

The record before us discloses no reversible error and the judgment appealed from is therefore affirmed.