Bennie DOWNING, Appellant,

v.

Howard LAWS et al., Appellees.

No. 11532.

Court of Civil Appeals of Texas.

Austin.

Sept. 20, 1967.

Rehearing Denied Oct. 11, 1967.

Melasky & Bullion, Thomas M. Bullion, E. M. Grimes, Taylor, for appellant.

Coffee, Ritter & Goldston, Donald N. Goldston, Hardy Hollers, Austin, for appellees.

PHILLIPS, Chief Justice.

This suit is before us on a plea of privilege.

Appellee Laws, the plaintiff below, filed suit in the District Court of Travis County, Texas naming appellant Downing, Natalie M. Collins and other persons [1] as defendants and, claiming the right of interpleader, deposited $15,000 in the registry of the court. The $15,000 had been given to appellee by appellant as earnest money as part of a contract to convey realty, said amount to be considered as liquidated damages in case of seller's default under the terms of the contract.

Appellant filed a plea of privilege to the abovementioned suit, appellee filed a controverting plea, while Natalie M. Collins and the other defendants filed a cross-action against appellant claiming that they are entitled to 67% of the earnest money and alleging that appellee Laws is entitled to 33%. Thereupon, appellant filed a plea of privilege to the cross-action. Appellant resides in Williamson County and in each of said pleas of privilege he asserted his right to be sued in that county.

The trial court overruled each of the pleas of privilege, hence this appeal.

We affirm.

Appellant is before this Court on four points of error, briefed together, which are that the trial court erred in overruling appellant's plea of privilege as to the action by the appellee Laws and as to the action against him by the appellees other than Laws because "brushing away matters of form and looking only to the substance of things, this suit is really one by appellee Laws and the other appellees against appellant to recover the earnest money deposited by him with appellee Laws;" the error of the trial court in overruling appellant's plea of privilege as to the action against him by appellee Laws and the action against him by the appellees other than Laws, because the pleadings and evidence show, as a matter of law, appellant is entitled to have

1. These other defendants are: Demra Trube, Albert S. Trube, Jr., Beverly Meyer and George Meyer.

the earnest money deposited by him returned.

We overrule these points.

The original suit filed by appellee Laws was for the purpose of obtaining a judicial resolution of competing claims to earnest money deposited with him as an escrow agent under the terms of a realty sales contract. Laws filed his suit against appellant Downing who had signed the contract as purchaser. At this time Downing, who had delivered the abovementioned earnest money to Laws, was demanding the return of the money.

In this same suit against Downing, Laws also sued Natalie M. Collins and the abovementioned defendants as owners and sellers of the land described in the contract who also were asserting a right to the earnest money Downing had placed with Laws.

Consequently, the abovementioned suit was filed against all such parties in the District Court of Travis County where several of the defendants then resided.

■■■ We hold that the trial court correctly overruled both of appellant's pleas of privilege because Laws filed his interpleader suit in good faith while subjected to competing claims over the ownership of the earnest money he was holding, which claims exposed him to double liability and placed him in a position of real doubt or hazard. That the venue to this suit lay in Travis County where several of the defendants resided at the time. Tex.Rev.Civ.Stat.Ann. art. 1995, sec. 4. McDonald, Tex.Civil Practice, sec. 3.41.

Appellee Laws is not a wholly disinterested stakeholder with respect to the earnest money deposited with him under the terms of the realty sales contract as under certain conditions of the contract he is entitled to a portion thereof. Consequently, this suit might better be described as a suit in the nature of interpleader. At the same time however he has been beset by two wholly opposing and conflicting claims concerning the ownership and proper disposition of the earnest money. It might also be pointed out here that at the time of filing of appellees' suit, the sellers, before electing to sue for damages for the breach of the contract, had the option of suing for specific performance thereof.

A summary of the positions of the parties hereto at the time Laws filed his suit is as follows: he was holding earnest money as an escrow agent about which opposing parties were making competing and conflicting claims; the claimants competing for the earnest money were all represented by counsel; the realty sales contract governing the disposition of the earnest money expressly calls for the forfeiture of the earnest money as liquidated damages in the event of the purchaser's default; the purchaser's attorneys were asserting a defective title; the purchaser's attorneys were also, as indicated in their title opinion, asserting a misrepresentation about irrigation rights to the land; in addition, the purchaser claimed that the contract was unenforceable under the Statute of Frauds.

■■■ Tex.R.Civ.P. 43 [2] which governs interpleader was not intended to limit an action in interpleader to one wholly disinter-

2. "Rule 43. Interpleader
Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in any other rules."

ested in the suit: "It is not ground for objection * * * that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants." Citizens National Bank of Emporia v. Socony Mobil Oil Co., 372 S.W.2d 718 (Tex.Civ.App.Amarillo 1963, writ ref'd n.r.e.); Franklin Life Insurance Co. v. Greer, 219 S.W.2d 137 (Tex. Civ.App.Texarkana 1949, aff'd in part rev. in part 148 Tex. 166, 221 S.W.2d 857, 1949).

Rule 43 was taken from Federal Rule 22 with minor textual changes. There can be little doubt that Federal Rule 22 was intended to dispense with many of the crippling restraints on interpleader that had developed in equity and to liberalize the practice that, among other things, an interested and hostile party could file an action in interpleader and avoid a multiplicity of lawsuits. John Hancock Mutual Life Insurance Company v. Kegan, 22 F.Supp. 326 (D.C.Md.1938); Barron and Holtzoff, Federal Practice SS 551.

■ The adoption of Rule 43 in Texas also extended and liberalized the equitable remedy of interpleader. Security State Bank v. Shanley, 182 S.W.2d 136 (Tex.Civ. App. San Antonio, 1944, no writ).

As authority for his proposition that venue does not lie in Travis County, appellant has relied on Noble v. Texacon Industries, Inc., 367 S.W.2d 872 (Tex.Civ.App. San Antonio 1963, no writ). This suit was brought in interpleader and the trial court placed the venue in the county where one of the defendants resided just as was done here. The Court of Civil Appeals reversed the trial court and changed the venue holding that the plaintiff and the defendant (in whose county venue was sustained) were in fact co-plaintiffs. Thus venue was changed to the county of the true defendants. This case can be distinguished from the case at bar in that in the former there was no liquidated damage clause, the contract had been repudiated and the escrow

agent's interest in the earnest money arose out of an entirely separate agreement between the agent and the seller whereby they agreed to split any sum recovered from the purchaser. There was no controversy between them, they were seeking, jointly, to recover the money held in escrow which, should they prevail, would be divided between them under a separate agreement.

At the time appellee filed his suit in the case at bar there is no doubt but that he was beset with conflicting claims on the part of all the defendants which, to concede to the demands of either, he must have acted at his peril.

■ Likewise we hold that the cross-action brought against Laws and Downing is properly maintainable in Travis County, Texas because it arises out of the same transaction and involves the same issues of fact and law as the original suit. Luse v. Union City Transfer, 324 S.W.2d 935 (Tex.Civ.App.Waco 1959, writ dism'd); Service Drilling Co. v. Woods, 120 S.W.2d 608 (Tex.Civ.App.Austin 1938, no writ).

In his plea of privilege appellant plead the Statute of Frauds, Tex.Rev.Civ.Stat.Ann. art. 3995, and further alleged, "for the purpose of this Plea of Privilege, this defendant would show the court that the subject matter of this suit does not present an enforceable action against this defendant in that the alleged contract involved herein fails to meet the standards prescribed by the statute of frauds * * * which statute this defendant now expressly pleads."

Appellant contends that the contract is signed C-Bar Ranch, a partnership by Natalie Collins. That it appears on the face of the instrument that the partnership was acting as an entity on its own behalf and that the evidence conclusively shows that the land was not owned by the partnership.

We do not agree with this contention.

The contract of sale on its face shows that Natalie M. Collins was acting not only for herself but for others as well. The

contract refers to Natalie M. Collins "et al" as sellers and then again refers to the "sellers." The facts show that the Collins family were partners in the operation of the C-Bar Ranch which included the ownership of cattle as well as personal property.

In the execution of the contract of sale, Mrs. Collins was not only acting as a partner in the sale of the cattle and other personal property belonging to the partnership, but in the sale of the land under a power of attorney to sell such property executed by her children in 1958.

The testimony in this case shows that the power of attorney was in full force and effect at the time of the contract between Downing and Collins.

■ The face of the instrument shows that Mrs. Collins intended to convey in some additional capacity than as an individual. These and other circumstances shown are sufficient to support a conclusion that she intended to and did convey all the interest in the land that she had power to convey. Crawford et al. v. Morris et al., 228 S.W.2d 364 (Tex.Civ.App.Eastland 1950 n.r.e.). Also see McGraw et al. v. Merchants' & Planters' National Bank of Sherman, 34 S.W.2d 633 (Tex.Civ.App.Dallas 1930, writ ref'd). McGraw also distinguishes Hill v. Conrad, 91 Tex. 341, 43 S.W. 789 (1897), relied on by appellant for the proposition that the power of attorney should have been referred to in the contract of sale in the case at bar.

The evidence discloses that the sellers are willing and able to provide the buyer with a deed signed by all of the owners of the property in question and have made this fact known to him. Adams v. Abbott et al., 151 Tex. 601, 254 S.W.2d 78 (1952).

■ In a venue hearing, a litigant is only required to establish a prima facie case

upon which he relies. Reagan County Purchasing Company v. State, 65 S.W.2d 353 (Tex.Civ.App.Austin 1933, no writ). We hold that appellee has made such a case.

■ The plea of the Statute of Frauds is a defensive issue and goes to the merits of the case, consequently, the trial court properly overruled appellant's plea of privilege based on this contention. Reagan County Purchasing Co., supra; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Com.App.1936).

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice (dissenting).

This is a venue suit in which venue is sought to be maintained in Travis County under Sub. 4, Art. 1995, V.T.C.S.

Under this subdivision there are three venue facts (1) one or more defendants must reside in county of suit (2) the party asserting his privilege is at least a proper party which is established by the pleading alone (3) plaintiff has a bona fide claim against the resident defendant which must be established by a preponderance of the evidence. McDonald Texas Civil Practice Vol. 1, Sec. 4.10.2,[1] Gray v. Gulf Oil Corporation, Tex.Civ.App., 416 S.W.2d 875, Fort Worth, n. w. h.

There is no question but that under the authorities a mere stakeholder may select as between the counties in which various claimants reside and file a bill of interpleader in any of such counties, and such county will have venue as to all claimants. McCormick v. Southwestern Life Ins. Co., 35 S.W.2d 502, Tex.Civ.App., Waco, n. w. h., opinion by Justice Alexander; Luse v.

---

1. The majority has scrambled the venue law by apparently applying to both the cause of action against the resident defendant and the cause of action against the non-resident defendant Downing the rule that plaintiff was only required to establish a prima facie case, which rule, as shown by the authority cited, is applicable to subdivisions of Art. 1995 other than subdivision 4.

Union City Transfer, 324 S.W.2d 935, Tex.Civ.App., Waco, writ dismissed.

McCormick cited in support of its decision Nixon v. New York Life Insurance Co., 100 Tex. 250, 98 S.W. 380, from which I quote:

"The remedy of interpleader is an equitable one, and is for the protection of the disinterested and innocent stakeholder, who claims no interest in the money or property as a claimant or litigant, and who, by reason of the conflicting claims of persons who derive their title either from a common source or one from the other, and the uncertain and doubtful position in which he is placed by the diverse claimants, knows not what to do, and fearing he may be hurt by some of them asks instructions, and protection from a court of equity."

There are no cases, at least none has been cited and I have found none, which hold that an interested stakeholder may file an interpleader proceeding in a county where a claimant resides who has an interest similar to the interest of the stakeholder and hold venue against a non-resident claimant whose claim is adverse to the plaintiff and other claimants.

The only case considering this question is Noble v. Texacon Industries, Inc., 367 S.W.2d 872, Tex.Civ.App., San Antonio, n. w. h. Concededly, this case is distinguishable on substantial grounds not stated by the majority, however it states a principle which I believe is applicable here, and which I quote:

"It will be borne in mind that this is a venue case. All the parties to this suit are domiciled in Harris County except Electrical Company. Brushing away matters of form and looking only to the substance of things, this suit is really one by Texacon and Electrical Company against Noble and Todes to recover the $10,000.00 placed in escrow by them. Venue in Bexar County must rest alone upon the fact that Electrical Company is domiciled in Bexar County. The evidence shows that there is no controversy between Texacon and Electrical Company. They have entered into a written agreement that whatever is recovered from Noble and Todes will be divided equally between them. Texacon and Electrical Company are in truth and in fact co-plaintiffs against the defendants Noble and Todes. Texacon is aligned with Electrical Company in a common fight to recover what they can from Noble and Todes. Under the provisions of our venue statute, Art. 1995, Vernon's Ann.Civ.Stats., Noble and Todes have a right to have this suit tried in Harris County. The mere fact that the suit is styled an 'Interpleader' should not be sufficient to deprive them of their very valuable right, given them by the venue statute, to be sued in the county of their residence."

In discussing the requirements of sub. 4, Art. 1995, Texas Jur.2d, Vol. 59, Venue Sec. 98, p. 502, states:

"A real defendant, and one against whom the plaintiff has a cause of action, is contemplated by the statute in authorizing a suit in the county of the residence of one of the defendants. It is the actual position of the parties that determines their status; an artificial designation of a party plaintiff as a party defendant gives no right to fix the venue in the county of his residence as against defendants residing in another county."

To the same effect is Park v. Wood, 146 Tex. 62, 203 S.W.2d 204, from which I quote:

"We have carefully considered the pleadings of the respondents and conclude that no cause of action was stated against Hogan, the resident defendant, within the purview of Exception 4 of

Article 1995 of the venue statutes. We cannot find in the pleadings a single issue made between the plaintiffs named and the resident defendant Hogan. Nothing appears in the pleadings which would render Hogan adverse to the plaintiffs in any phase of the rather comprehensive suit. Hogan's interest according to the pleadings, are aligned with those of the plaintiffs. Obviously no such cause of action has been alleged against the resident defendant Hogan as would deprive Park of his privilege to be sued in the county of his residence under Exception 4 of Article 1995. These conclusions also apply to the proof."

The problem here is not of simple resolution because I concede that Laws had the right to file an interpleader proceeding and that a reasonable doubt existed as to his rights to one third of the money held by him ($5,000.00) and the right of his principals who are aligned with him to two thirds of such money ($10,000.00) and to the right of appellant to all of such money.

Of course, Laws could have filed his interpleader in Williamson County and received the same protection from double liability as he will receive in Travis County, and no questions of venue could have arisen. It is obvious to me that the dominant purpose of his suit was to recover $5,000.00 for himself, and not to avoid double liability.

It is my view and my opinion that when the reason for a rule disappears, the rule should disappear. The Court's solicitude for an innocent, impartial stakeholder should not cause them to close their eyes and blindly condone a joint effort by principals and their agent to recover in the courts of Travis County $15,000.00 from a resident of Williamson County when the residents of Travis County upon whose residence as defendants venue must be based are in fact not real defendants but are in fact co-plaintiffs.

For these reasons, I respectfully dissent.